Guice v. Parker.

## GUICE vs. PARKER.

[BILL IN EQUITY TO ENFORCE VENDOR'S LIEN, &c.]

1. *Commission to take answer of non-resident defendant; when invalid.*—A commission to take the answer of a non-resident defendant to a bill in chancery, issued by the register in blank, as to the name of the com_missioner, is invalid ; and the request of the register to the person re-ceiving it to insert his name as commissioner does not legalize the act.

2. *Bill for discovery; what allegation necessary to sustain.*—In order to sustain jurisdiction for relief sought, consequent upon a discovery, the bill or cross-bill must allege that the facts are material ; that their discovery by the defendant is indispensable, and that the plaintiff is un-able to prove such facts by other testimony. The failure to allege these facts subjects such a bill to demurrer.

APPEAL from Chancery Court of Barbour.
Heard before Hon. B. B. McCRAW.

This was a bill exhibited by the appellee against the appellant, and sought to subject to the vendor's lien certain lands described in the bill for the unpaid purchase-money due thereon, which was evidenced by a promissory note, executed by defendant.

The answer substantially admits the allegations upon which the equity of the bill rested, but defendant sought by it, as a cross-bill, to reduce the amount of recovery to a sum less than that expressed on the face of the note, alleging, in substance, that at the time the note was given the land was estimated at a specified number of gold dollars ; that at that time greenbacks were much depreciated, and that in making the note the value of the gold dollars was expressed in the sum, which this kind of money would be worth at the time the note fell due, estimating the depreciation of greenbacks at the maturity to be the same as when the note was made ; that it was also agreed between the parties that should the value of greenbacks appreciate when the note fell due, that appellant should re-

ceive a corresponding credit on the note. In this bill it also alleged that appellee, who was a non-resident, had written a letter to an agent, which recited the true statement of the contract and agreement, which had been seen by appellant. The bill prays that appellant be made a party defendant thereto, and be required to answer the several allegations thereof; that upon the final hearing the court would reform the promissory note so as to express the true meaning of the contract; and tenders appellant $475 in "greenbacks" or $425 in gold, as the amount due on said note, according to the contract, which sum was paid into court, &c.

The cause was heard on bill, answer and cross-bill, proof and motion to strike answer to cross-bill from the file, and the chancellor decreed that the note mentioned constituted a lien on the land for its full amount, &c. The other facts of the case necessary to an understanding of the points decided, are fully set out in the opinion; it is unnecessary to set out the evidence in relation to the contract, as set out by defendant in the cross-bill; the testimony very clearly disproves this allegation of the cross-bill.

SEALS, WOOD & ROQUEMORE, for appellant.

JOHN A. FOSTER, contra.—The decree refusing the motion to strike appellee's answer to the cross-bill from the file, is interlocutory, and this court will not reverse for error in such a decree. But there was really no error in this. The commission to take the answer to the cross-bill was properly issued by the register. Such a proceeding does not require an order of the court before it can be resorted to, nor does it require notice to the adverse party. The commission is issued upon the mere application to the register by the party desiring it. This is all the rule of practice demands.—Rev. Code, § 3486; ib. p. 827; Rule Chancery Pr. No. 31; ib. § 3364.

2. There is no need of a reference to the register to take an account when there is no denial of a sum due on a

40

promissory note, and the account consists in a mere calculation of the interest. The reference is discretionary; not of absolute right. If the sum ascertained by the chancellor is correct, this is enough.—Revised Code, § 3385, 3386, 3387, 3393.

B. F. SAFFOLD, J.—The bill was filed by the appellee to subject land to the payment of the purchase-money, under the vendor's lien.

The chief error assigned is that the court refused to strike from the file the complainant's answer to the defendant's cross-bill. It appears that as the complainant was a non-resident, the register, under the 31st rule in chancery, issued a commission to take his answer, but not knowing the first name of the commissioner selected, he sent it to him in blank, with direction to insert his name. The commissioner did so, and took the answer, which was forwarded to the register, and filed by him.

In *Worsham v. Goar*, (4th Port. 441,) it was held that a commission to take a deposition must be perfect when it leaves the hands of the clerk. If sent forth in blank, it issues to no person, and the consent of the clerk for the one receiving it to fill all blanks will not legalize the act. The result of the failure of the register to issue a proper commission is that the answer is not sworn to.

This answer contains a demurrer to the cross-bill, for want of equity. The merit of the cross-bill was in the discovery it sought. To maintain the jurisdiction for relief, as consequent upon the discovery, it is necessary to allege in the bill that the facts are material, and that the discovery of them by the defendant is indispensable as proof; that the plaintiff is unable to prove such facts by other proof. This allegation was not made in the cross-bill. It was, therefore, subject to the demurrer.

Without recapitulating the testimony, it is sufficient to decide that the proof abundantly shows that the defendant cannot maintain his version of the contract. There was no necessity for a reference to the register.

The decree is affirmed.