## PRINCE *vs.* PRINCE.

[BILL IN EQUITY TO REMOVE SETTLEMENT OF DECEDENT'S ESTATE FROM PRO-
BATE INTO CHANCERY COURT.]

1. *Insolvent estates; claim for family expenses, incurred under will, not re-quired to be filed, nor entitled to share in distribution of assets with "debts of the estate."*—A claim against a decedent's estate, in favor of his widow, founded on a clause in his will in these words, "Out of the proceeds of my property directed to be sold, I desire my funeral and other debts first paid, including the expenses for the support and maintenance of my family, from the time of my death until the division of my estate," is not such a "debt against the estate," (Revised Code, § 2064,) as is required to be filed within twelve months after a decree of insolvency, nor is it entitled to share in the assets when distributed under the decree of insolvency.

2. *Same; nature of such claim.*—Such a claim can only be paid out of the residue of the estate, if any, after the payment of the preferred claims and debts which have been regularly filed against the estate, and it is not in any way affected by the proceedings under the decree of insolvency.

3. *Same; jurisdiction of probate court in such case.*—If there should be a residue after the payment of the preferred claims and debts against the insolvent estate, such a claim may be contested before the probate court, by any person interested in that residue, on an annual or the final settlement of the administrator.

4. *Decedent's estate; removal of settlement from probate into chancery court.*
The final settlement of a decedent's estate can not be removed from
the probate into the chancery court, under a bill filed by a portion of
the heirs-at-law and legatees, alleging that the estate was regularly re-
ported and declared insolvent, but, in consequence of the failure of
creditors to file their claims, eventually proved solvent; that a large
claim, filed against the estate by the widow, and partly paid by the ad-
ministrator, was not properly a debt or preferred claim against the es-
tate under the decree of insolvency, though, so far as it might be cor-
rect, it constituted a charge on the residue ; and that the complainants
had no notice of the filing of this claim, until after the expiration of
twelve months from the declaration of insolvency, and no opportunity
to contest its correctness. In such case, there is an adequate remedy
in the probate court.

APPEAL from the Chancery Court of Tuskaloosa.
Heard before the Hon. A. W. DILLARD.

THE bill in this case was filed by John H. Prince and
Charity P. Knott, claiming as heirs-at-law of Edmund
Prince, and legatees under his will, against Mrs. Lavinia
L. Prince, the widow, and Charles M. Foster, as the admin-
istrator with the will annexed of said Edmund Prince ; and
sought to remove the settlement of said decedent's estate
from the probate court, in which it was pending, into the
chancery court. The chancellor sustained a demurrer to
the bill for want of equity, and his decree is now assigned
as error.

VAN HOOSE & POWELL, and J. M. MARTIN, for the appel-
lants.—The bill contains equity on several distinct grounds.
The appellants, not being creditors, had no day in the pro-
bate court, to object to the claim filed by the widow, and
no opportunity to contest its correctness there. Only the
administrator, or any creditor, can file objections to claims
against an insolvent estate.—Revised Code, § 2203. No
objection to the claim having been filed within twelve
months after the declaration of insolvency, it must be al-
lowed, and can not be contested in that court.— *Walker v.
Mock*, 39 Ala. 577; *Hardy v. Meachem's Adm'r*, 33 Ala. R.
457. Nor did the complainants, claiming only as heirs-at-
law and legatees under the will, have any right or interest

to protect, which could give them a standing in the probate court while the proceedings under the decree of insolvency were pending. Their interest only accrued when it was ascertained that the estate was solvent.—Code, § 2196; *Puryear v. Puryear*, 34 Ala. 555; 39 Ala. 577. Having, then, an interest to assert and protect, and yet no standing in the probate court, their only remedy is in chancery. 5 S. & P. 133; 13 Ala. 144.

Again; the bill avers that the widow's claim was not presented to the administrator within eighteen months after the grant of letters, being thus barred by the statute of non-claim, but was regularly filed as a claim against the insolvent estate within the time allowed by law, and was not objected to. Now, section 2239 (Revised Code) declares, that all claims, " not so presented, are forever barred"; while section 2202 expressly enacts, that all claims against insolvent estates, regularly filed, and not objected to, must be allowed. Here are two sections, equally peremptory, and yet, in this case, totally inconsistent and irreconcilable. Which section shall prevail in the probate court? For the purposes of this bill it matters not which; it is sufficient for them that the question is doubtful and undecided, and one which the probate court, as a court of limited powers and jurisdiction, can not properly adjudicate. All the statutes relating to insolvent estates are based on the supposition, that creditors will protect their own interests by contesting the claims filed by other creditors, if incorrect; but there is no provision made for protecting the interests of the heirs-at-law, in the event of the estate becoming solvent, nor for allowing them to appear and protect their own interest. Hence, they have rights, but no remedies in the probate court; and the chancery court will interfere, to prevent a failure and perversion of justice.

Again; the claim filed by the widow grows out of a testamentary trust, and involves the construction of the testator's will, as to what are proper family expenses, and how long the will authorizes their continuance; questions which cannot be adjudicated in the probate court.—*Gould*

*v. Hays*, 19 Ala. 438; 9 Ala. 394; 15 Ala. 249; 1 Story's Equity, §§ 26, 463 ; 2 *Ib.* § 1065. And in this connection the allegation of the bill, " that the accounts are so complicated that the probate court can not do justice between the parties," becomes very material.

S. A. M. WOOD, and SOMERVILLE & McEACHIN, *contra.* The object of the bill is to contest the validity of the claim filed by the widow against the testator's estate. There is no aspect in which this question can be presented, or any of the questions involved in and growing out of it, which can not be fully and speedily settled in the probate court. If the estate is not legally bound for the claim, the probate court must, and will reject it, without objection previously filed.—*Flinn's Adm'r v. Shackelford*, 42 Ala. 207. If the administrator, by fraud or collusion, has failed to urge a valid legal objection against the claim, there is an adequate remedy by action against him on his official bond. If he has only been guilty of such negligence or ignorance as would not sustain an action at law on his bond, neither will a court of equity hold him accountable.

The claim having been regularly filed against the estate, and no objections to it having been filed within the time allowed by law, it has acquired the force and effect of a judgment; the question of its correctness and allowance has become *res adjudicata.*—Revised Code, §§ 2203, 2196; *McDougald's Adm'r v. Dawson's Ex'r*, 30 Ala. 558. The averment of the bill as to the non-presentation of the claim, comes too late in any forum, though it might have been a valid objection to the allowance of the claim, if presented in proper time in the probate court.

There is no question involved in the construction of the will, which the probate court is not competent to decide; and no testamentary trust to be settled, which requires the extraordinary powers of equity.

The allegations as to complicated accounts between the parties, and fraud and collusion between the widow and the administrator, are entirely too loose and indefinite to sustain the equity of the bill on either of those grounds. Adams' Equity, 479, 637.

PETERS, J.—This is a bill filed by a part of the heirs and legatees of Edmund Prince, deceased, against the widow of said deceased, and Charles M. Foster, administrator *de bonis non* with the will annexed of his estate, to remove the final settlement of said estate from the court of probate to the chancery court. The grounds of this change of jurisdiction grow out of a provision of the will of said deceased for the support and maintenance of his family until his estate is divided, and certain complications which have happened in the administration of said estate since the probate of said will. This instrument was duly made and published on the 30th day of July, 1860, and the testator died on the 27th day of April, 1861, and the will aforesaid "was duly admitted to probate, in the probate court" of Tuskaloosa county, "on the 13th day of May, 1861." The testator, after directing how his estate should be disposed of by his will, goes on to declare that, "Out of the proceeds of my property directed to be sold, my funeral and all other debts I desire first to be paid, *including* the expenses for the support and maintenance of my family from the time of my death until the division of my estate." In the progress of the administration of this estate, it became insolvent, and was so reported, and declared by a decree of the proper court. And, in the mean time, a very considerable claim accrued in favor of Mrs. Prince, the widow of the testator, for support and maintenance of the family, under the clause of the will above quoted. This was presented to the representative of the estate, and filed as a claim against the estate, as a "debt" entitled to participate in the distribution under the insolvency. By a failure of the creditors of said estate to file their claims within twelve months after the declaration of insolvency, as required by law, the debts against the estate were so reduced as to restore the estate to solvency. The claim of Mrs. Prince aforesaid, for above $17,000, was one of the claims duly filed against said insolvent estate; and the bill is predicated upon the supposition that its accuracy can not now be contested in the court of probate on the final settlement of said estate; and for this reason, mainly, the

bill is filed to contest it in chancery, because the remedy in the probate court is uncertain and inadequate. There are, also, some allegations of fraud and conspiracy between the administrator and Mrs. Prince, which are too general and indefinite to avail in a change of the forum of the final settlement. The bill was dismissed, by demurrer, and the complainants in the court below bring the case here, and assign the judgment of the learned chancellor in dismissing the bill for error.

I think there can be no reasonable doubt that the judgment of the court below was correct. The statute governing the administration and distribution of insolvent estates is one that refers to claims of creditors, strictly so called, and certain preferred demands. By our statute law, the whole property of the deceased is charged with the payment of his debts, and the same must be sold for that purpose, if necessary, with certain specified exceptions.—Rev. Code, §§ 2060, 2061. If the whole property of the deceased, after deducting the exceptions thus allowed, is insufficient for the payment of the debts, then the estate is insolvent; and, when so declared by a proper decree of the court of probate, the assets of the estate, when reduced to money, must be distributed as directed by section 2064 of the Revised Code, in proportion to the amount due each class of creditors, in the order in such section specified.—Rev. Code, §§ 2177, 2178, 2187, 2064. Section 2064 aforesaid divides "the debts against the estate," which are to be paid on an insolvency, into six classes, as follows: 1st, the funeral expenses; 2d, the fees and charges of administration; 3d, expenses of the last sickness; 4th, taxes assessed on the estate of the deceased previous to his death; 5th, debts due the overseer, as such, for services rendered the year of the death of the deceased; 6th, the other debts of the deceased. It is very clear from this enumeration, that the claim here insisted on, in favor of Mrs. Prince, for the support and maintenance of herself and family until the division of the estate, is not one which can be included in any class in the foregoing catalogue. And these are all the claims entitled

to be considered on the distribution of an insolvent estate. Her claim is predicated upon a clause of the will of her husband. It is, therefore, a gift by the will to the family of the testator, for a certain purpose, in the nature of a specific legacy ; and it must be postponed to the payment of the debts of the deceased and the preferred claims above enumerated. It is not a claim affected by the law regulating the settlement and distribution of insolvent estates. It is, nevertheless, true that it is, under the will, a charge upon the estate of the deceased, but only on that part of it which remains after the debts and preferred claims are paid or discharged. It can not be allowed to participate in the distribution of the estate, on a decree of insolvency, as a " debt against the estate." And for this reason, it is of no consequence whether it be filed or not, after a decree of insolvency, within the time or in the manner of other claims, that may participate in the distribution. But it is a claim that is entitled to payment out of the residue, after the debts and preferred claims have been paid or discharged. And as such, its allowance as a credit to the administrator may be contested in the court of probate, on his annual or final settlement, as other claims may be, by any person interested in the residue of the estate after the debts are paid.—Rev. Code, § 2147. The court of probate is fully competent to settle all the objections to the claim of Mrs. Prince that have been suggested in the bill, as a credit to be allowed to the administrator, and these inquiries are not barred by the proceedings in the insolvency.

The decree of the court below is affirmed, with costs, in this court and in the court below.