# Clark, adm'r &c. v. Eubank.

*Bill in Equity for Settlement of Insolvent Estate, charging Administrator with Neglect, &c.*

1. *Insolvent estate; removal of settlement into equity.*—When an estate has been declared insolvent, the settlement must proceed and be concluded in the Probate Court, unless some question of exclusive equitable jurisdiction arises, which that court, by reason of its limited powers, can not adjudicate ; and neither the failure of the administrator to answer citations from that court, nor his neglect of duty in the matter of filing objections to claims presented against the estate, nor both these facts together, with the additional averment that the estate is in fact solvent, constitute a sufficient reason for the removal of the settlement into equity at the instance of the heirs and distributees.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 20th April, 1880, by Allen C. Eubank and others, heirs-at-law and distributees of the estate of John M. Eubank, deceased, against Thomas C. Clark, as the administrator of said estate, and several other persons ; and sought to remove the settlement of said estate, which had been regularly reported and declared insolvent, into said court. According to the allegations of the bill, said John M. Eubank died, intestate, in February, 1861, leaving his widow, Mrs. Susan V. Eubank, and three children, the complainants in this case, as his only heirs and distributees ; and he was possessed of a large estate, consisting of real and personal property. Letters of administration on his estate were granted to the widow, in April, 1861 ; and she gave bond, with William H. Knott and Thomas W. Sims as her sureties. The administratrix immediately took possession of the lands, slaves, and other property belonging to the estate ; and she continued in the possession, use and occupation, until her death, which occurred about the 1st March, 1866. Said administratrix was largely indebted to said estate at the time of her death ; but no letters of administration have ever been granted on her estate, and no effort has been made to compel a settlement of her said administration, although her sureties, said Knott and Sims, were solvent, and amply able to pay her indebtedness. On the 17th March, 1866, letters of administration *de bonis non* on the estate of said John M. Eubank were granted to Thomas C. Clark, by virtue of his office as

general administrator of the county; and he took possession of the lands belong to the estate, rented them out, and collected the rents annually, from the year 1866 to 1876, inclusive, and sold the personal property, and collected the proceeds of sale; for all of which sums he is liable to account, as such administrator, with the interest thereon. "The said Clark, through negligence in the discharge of his duties as such administrator, failed to enforce against the estate of said Sarah V. Eubank, and against the sureties on her said bond, a settlement and collection of her said liability to said estate as administratrix; and he is liable to said estate for the devastavit of said Sarah V. Eubank as such administratrix." On the 8th April, 1868, Clark reported the estate of said Eubank insolvent; and it was so declared and decreed by the court on the 13th July, 1868. Numerous claims were filed against the estate; to the allowance of some of which, objections were duly filed by the administrator, which objections were well taken. Among the claims filed was an account for $171.28, in favor of T. T. Tyree & Co., "which is not correct," because said Eubank died before the day on which the account purports to have been rendered, "and because the same is barred by the statute of limitations of three years." "Said claim was filed and prosecuted against said estate by J. B. & T. C. Clark, a law firm of which said T. C. Clark was a member, as attorneys for said Tyree & Co.; and although said Clark objected to the allowance of other claims against said estate, upon the plea of the statute of limitations, yet, being the attorney of said Tyree & Co., and interested as such in the allowance of said claim, he wholly failed and refused to file any objections to the allowance of said claim, and thereby permitted the same to become an allowed claim against said estate; wherefore, complainants charge, that said Clark is and should be held liable to them, as distributees of said estate, for an amount equal to the sum which may be distributed to said claim on the settlement of said estate." Another claim against the estate, for $178.14, was filed by Thomas W. Sims; and the allegations of the bill in reference to it were substantially the same as in reference to the claim of Tyree & Co., as above stated; and the bill contained allegations of neglect and misconduct in connection with other claims, in which the administrator was alleged to be interested adversely to the estate, and for which the complainants insisted he was responsible to them as distributees.

The bill contained, also, the following allegations: "More than two-thirds of the assets of said estate in the hands of said administrator consist of rents of the real estate, in

[Clark, adm'r, &c. v. Eubank.]

respect to which he was bound to plead the statute of limitations against claims asserted against the estate which were barred by the statute. The estate of said John M. Eubank is, in fact, not insolvent, but, on the contrary, said administrator is chargeable with assets sufficient to pay off all the valid claims against the estate, with the proper costs of administration, and leave a large surplus for distribution. Said Clark, as administrator, has been twice cited by the Probate Court to settle said estate, but has yet failed to obey the same. Wherefore your orators show, that said estate has been in process of administration for nineteen years, and in the hands of said Clark for fourteen years ; that said estate having been declared insolvent, your orators, as distributees, are without remedy to coerce a setttlement in the Probate Court, and their equities are, as herein shown, such that said Probate Court can not adjust and settle the same, and complete relief can not be obtained without the equitable interposition of this court. " The bill therefore prayed, that the administration of said Eubank's estate be removed into the Chancery Court, and there settled ; that the administrator be held responsible for all his alleged defaults and neglect, and required to account ; and for other and further relief.

The chancellor overruled a demurrer to the bill, and his decree is now assigned as error.

CLARK & McQUEEN, for appellant.

SNEDECOR, COCKRELL & HEAD, contra.

STONE, J.—When an estate is declared insolvent, there is an eminent fitness in having the settlement finished in the Probate Court, unless there is involved in it some question of exclusive equitable cognizance, which the Probate Court, by reason of its limited powers, is incompetent to adjudicate. Moreover, by the act of declaring an estate insolvent, the Probate Court acquires jurisdiction of the settlement, which precludes all interference by the Chancery Court, unless a special equity is shown.—Clark v. West, 5 Ala. 117 ; Watts v. Gayle, 20 Ala. 817. In the present case, the estate had been declared insolvent, and, according to the averments of the bill, the administrator has been twice cited to make a settlement, but has disregarded each citation. This averment proves, that the judge of probate is not only willing to move, but has actually moved, in the matter of bringing the administrator to a settlement. The statutes make ample provision, and arm the Probate Court with ample power, to

compel the settlement of administrations in that court. There is nothing in the bill which shows, or tends to show, that the Probate Court is not willing and ready to put those powers into exercise. If, however, he should fail or refuse to do so, he can be compelled to act by writ of *mandamus. Lamar v. Comm'rs,* 21 Ala. 772.

No greivance is complained of in the present bill, no act of mal-administration charged, the redress of which is not clearly within the jurisdiction of the Probate Court. That is fatal to the present bill.—*McNeill v. McNeill,* 36 Ala. 109 ; *Stewart v. Stewart,* 31 Ala. 207 ; *Weakly v. Gurley,* 60 Ala. 399.

The decree of the chanceller is reversed, the demurrer sustained, and the cause remanded to the Chancery Court, to be there dismissed, unless amended so as to give it equity.