[Newsom v. Thornton.]

66  311
93  277

# Newsom v. Thornton.

*Bill in Equity by Executor against Legatee's Administrator, to enjoin Proceedings in Probate Court for Recovery of Legacy.*

1. *Decedent's estate; removal of settlement or proceeding into equity.*—The settlement of a decedent's estate, or other proceeding connected with the administration, can not be removed into the Chancery Court by a distributee, or other party beneficially interested, after the jurisdiction of the Probate Court has attached, unless it is shown that some question of equitable cognizance is involved which the Probate Court is incompetent to determine; and it cannot be removed into the Chancery Court by the personal representative, in any case, or at any time, without the assignment of some special equitable reason.

2. *Legacy; proceedings to recover, and defenses by executor.*—An executor can not enjoin proceedings in the Probate Court for the recovery of a pecuniary legacy, on the ground that he made a tender of the money to the legatee, who refused to receive it, and that he was afterwards robbed, without negligence or other fault on his part, of the identical money tendered, which he had kept separate and apart: these defenses, if valid, involve simple questions of fact, which the Probate Court is competent to determine.

3. *Same; tender and refusal, and subsequent loss by robbery.*—As to the safe custody of the assets, even money assets of the estate, "it may be that an executor is not held to the extreme liability of an insurer, and there is much plausibility in the defense attempted in this case" (a proceeding for the recovery of a pecuniary legacy, the defense being a tender and refusal, and subsequent loss by robbery of the identical money); but the burden of proving such defense rests on the executor, and the evidence should be closely scanned; and the legal question is not decided in this case, because the evidence does not satisfactorily establish the alleged robbery.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 8th February, 1870, by Whitmell R. Newsom, as the executor of the last will and testament of Whitmell Rutland, deceased, against Lewis B. Thornton, as the administrator of the estate of Eliza W. Johnson, deceased; and sought to enjoin proceedings in the Probate Court, instituted by said Thornton, as administrator, to recover a pecuniary legacy bequeathed to his intestate by the will of said Rutland. The testator, said Whitmell Rutland, died on the 25th December, 1856. By his last will and testament, which was duly proved and admitted to probate after his death, he bequeathed to Eliza W. Johnson, who was his daughter, "two thousand dollars, to be paid unto her as soon as possible, out of my [his] estate," and devised and bequeathed all the residue of his property, con-

sisting of lands, negroes, &c., to Mrs. Penelope M. Newsom and her children, she also being his daughter; giving one half of the lands to said W. R. Newsom, his grandson, who was appointed executor, and made residuary legatee " after the payment of all debts and specified legacies." Mrs. Eliza W. Johnson, as the bill alleged, refused to receive the legacy bequeathed to her, when tendered by the executor, and filed a bill in equity to set aside the probate of the will; which suit, " after years of protracted litigation, terminated on her death, by dismissal or abatement." On the 4th May, 1868, letters of administration on her estate were granted by the Probate Court of the county to said L. B. Thornton ; and on the 29th November, 1869, he filed his petition in said Probate Court against the executor, for the recovery of said pecuniary legacy, alleging that there was a sufficiency of assets in the hands of the executor to pay it, after discharging all debts and prior charges. The grounds on which the executor sought, by his bill in this case, to enjoin proceedings under said petition, are shown in the following allegations :

" After complainant gave bond, and entered on his duties as executor of said Rutland's will, he retained in his hands, of the assets of said estate, the sum of $2,000 in American gold coin, for the express purpose of paying off said legacy to said Eliza W. Johnson, and proposed and offered, both before and after the probating of said will, to pay the said legacy to her, but she positively refused to receive or accept it; and complainant avers that he continued to hold said legacy in hand, for the said Eliza W. Johnson, after the commencement of the late civil war, and on one occasion, after said war had been going on for months, offered to pay said legacy to her, and insisted on her acceptance of the same, and stated to her that the times were perilous and uncertain, and that she had better take the $2,000, as he did not like to take the responsibility and hazard of keeping said legacy ; but it was all to no purpose, as she persistently and continuously refused to accept said legacy. And complainant alleges that, after he thus tendered to said defendant's intestate said $2,000 in American gold coin, in discharge of said legacy, and after her refusal to accept the same, he separated said $2,000 from the bulk of said testator's estate, and laid the same away in his safe, and kept the same for said defendant's intestate ; and that afterwards, while it was so situated in his safe, during the said civil war, it was taken by an armed force of men in the garb of Federal soldiers, who plundered his house, and was thereby wholly lost; and said $2,000, so taken and carried off, was the same money which complainant had offered to pay to the said Eliza W.,

and said robbery and plundering were wholly beyond complainant's power of prevention, and said $2,000 was thus totally lost." The bill contained, also, other allegations, which are not material to the decision of the case as here presented.

The defendant demurred to the bill, assigning specially as ground of demurrer, with other things, "that all and every the matters and things complained of in said bill are matters which may be tried and determined at law, and with respect to which complainant is not entitled to any relief in a court of equity." The cause being submitted for decree on the demurrer, and also for final decree on the. pleadings and proof, the chancellor sustained the demurrer on the ground stated, and dismissed the bill; and his decree is now assigned as error.

J. B. MOORE, for appellant.—An executor is not an insurer, and is not responsible for money assets, or other property, lost by robbery, without negligence or other fault on his part. *State v. Meagher*, 44 Mo. 356; *Fudge v. Durer*, 51 Mo. 264. The robbery of an executor, or loss by larceny or overpowering force, which discharges him from liability, is purely an equitable defense, and not available in a proceeding at law. *Cross v. Smith*, 7 East, 258; 2 Wms. Ex. 1420, note *x;* Hill on Trustees, 573; 2 Story's Equity, § 1269. The Probate Court not having any equitable jurisdiction, when an executor has defenses of a purely equitable nature, he may go into a court of equity to establish them, since he would otherwise lose the benefit of them.—*Horton v. Moseley*, 17 Ala. 795; *Pearson v. Darrington*, 18 Ala. 352.

WM. COOPER, and THOS. H. WATTS, *contra.*—The bill was without equity, if the defense set up was available in the Probate Court.—*Casly v. Gilder*, 13 Ala. 322; *Crayton v. Johnson*, 27 Ala. 506; *Moore v. Leseuer and Wife*, 33 Ala. 241; *Lee v. Lee*, 55 Ala. 590; *Weakly v. Gurley*, 60 Ala. 399; *Youngblood v. Youngblood*, 34 Ala. 486; *Dickinson v. Lewis*, 34 Ala. 638. If the facts stated amount to a payment or discharge, the defense was available at law.—19 Ala. 866; *Wilson v. Randall*, 37 Ala. 74; *Landreth v. Landreth*, 12 Ala. 640; *Cousins v. Jackson*, 49 Ala. 236. But tender and refusal does not discharge a legacy—its only effect would be to stop the interest.—2 Greenl. Ev. §§ 600–608. Nor does the bill allege a legal tender, since there was no tender of the interest, and the legacy bore interest from the testator's death. *Myers v. Myers*, 33 Ala. 85; 2 Roper on Legacies, mar. 1245, 1250. Robbery, *vis major*, or the act of God or the public enemy, is no defense, when it occurs after default of the

[Newsom v. Thornton.]

party.—2 Parsons on Contracts, 161; *Falls v. Weisinger*, 11 Ala. 804. The defense, if valid, is not sustained by the proof.

STONE, J.—It is clearly settled in this court, that when the Probate Court has commenced the exercise of jurisdiction in the matter of a settlement, or other function connected with the administration of an estate, the Chancery Court can not intercept and oust such jurisdiction, unless the issue or inquiry present some question of equitable cognizance, which the Probate Court, by its powers and organism, is incompetent to determine. But the executor or administrator can, in no case, carry such proceeding into the Chancery Court, without assigning a special equitable reason therefor. *Teague v. Corbitt*, 57 Ala. 529; *Whorton v. Moragne*, 59 Ala. 641; *Weakley v. Gurley*, 60 Ala. 399.

The proceedings and pleadings in this cause raise two questions: *First*, did the executor, Newsom, tender to Mrs. Johnson, the legatee, the amount of the pecuniary legacy given to her by the will of her father, Mr. Rutland? *Second*, did he, with ordinary diligence, keep the identical money thus tendered, separate and to itself, and was he robbed of it during the war by Federal soldiers, without negligence on his part? Each of these inquiries raises a question of fact— simple, naked fact—which the Probate Court was as competent to hear and determine as the chancellor is. The rules of evidence are the same in each court, and the present bill furnishes no ground for transferring the litigation to that court. The chancellor did not err in sustaining defendant's demurrer to complainant's bill.

We are asked to take a farther step, and pronounce on the merits of Newsom's defense to the petition filed in the Probate Court. It may be that an executor, as to the safe custody of assets, even money assets of the estate, is not held to the extreme liability of an insurer. There is, at least, much plausibility in the defense attempted, if sustained by proof.—2 Wms. on Executors, 1420; Hill on Trustees, 853 [573]; 2 Story's Equity Jur. § 1269; *State, ex rel. v. Meagher*, 44 Mo. 356; *Fudge v. Durer*, 51 Mo. 364. Proof, however, in such case, should be closely scanned. We consider it unnecessary to determine this legal question.

The *onus* of proving the robbery rested with Newsom. A great number of witnesses were examined, whose testimony bears on this question. We have examined it with care, and it has failed to convince us such robbery was committed. The defense failing in this vital particular, it must fall to the ground. The testimony shows there were ample other assets

with which to pay this legacy, and for a very considerable part of such assets, the executor appears to have rendered no account whatever. The cash left on hand, not to speak of the large claim on Oates, afterwards collected, which money and claim on Oates were reported in the inventory, amounted to more than double the sum of the pecuniary legacy. These sums do not appear to have been accounted for in any of the settlements.

The decree of the chancellor is affirmed.