# Shackelford *v.* Bankhead.

*Bill in Equity for Settlement of Insolvent Estate.*

1.  *Decedent's estate; removal of settlement into equity.*—The settlement of a decedent's estate can not be removed into equity by the personal representative, in any case, or at any time, without the assignment of some particular ground of equitable jurisdiction; nor can it be removed at the instance of a distributee, or other party beneficially interested,

[Shackelford v. Bankhead.]

after the jurisdiction of the Probate Court has attached and commenced to be exercised, unless some question of special equitable cognizance is involved, which the Probate Court is incompetent to determine.

2. *Insolvent estate; removal of settlement into equity.*—When a decedent's estate has been declared insolvent, it requires a very clear and strong case to justify the removal of the settlement into a court of equity.

3. *Same.*—The omission from the inventory of property which ought to have been included, the waste or conversion of assets, and the failure to make a settlement, being matters which are within the jurisdiction of the Probate Court, and as to which its powers are fully adequate to grant relief, furnish no ground for a resort to a court of equity by a creditor.

4. *Bill for discovery; necessary averments of.*—When a bill is filed for discovery and relief, seeking to wtthdraw from a court of law a matter of strict legal cognizance, it must show that the discovery sought is indispensable to the ends of justice—that the facts, as to which a discovery is sought, can not be proved otherwise than by the defendant's answer; and it must aver the existence and materiality of those facts with sufficient certainty, and show that the defendant is capable of making the discovery.

5. *Same; statutory provisions authorizing examination of parties as witnesses, in actions at law.*—The several statutory provisions, changing the common-law rules of evidence, and authorizing the examination of parties as witnesses in actions at law, do not take away, or in any manner affect, the established jurisdiction of courts of equity in matters of discovery.

6. *Dismissal of bill on demurrer; amendable defects.*—The dismissal of a bill in vacation, on account of defects which are amendable, without allowing the complainant an opportunity to amend, is an error which will work a reversal; but, when such dismissal is in term time, the record must show that he asked leave to amend.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on August 13th, 1878, by E. P. Shackelford, as the administrator of the estate of M. W. Mayes, deceased, and two other persons, claiming and suing as creditors of the insolvent estate of George M. Garth, deceased, against William S. Bankhead and his wife (Mrs. Catherine M., formerly the widow of said Garth), as the administrators of said insolvent estate, with the infant children and heirs at law of said Garth, and other creditors who had filed claims against his estate; and sought to remove the administration and settlement of said estate from the Probate Court, and to compel a discovery of assets and settlement of the estate in the said Chancery Court. According to the allegations of the bill, said Garth died, intestate, in April, 1862, in said county of Lawrence, where he resided; leaving a widow and two infant children, as his heirs at law and the distributees of his estate. Letters of administration on his estate were granted to the widow, and in August, 1868, she reported the estate insolvent; and it was so declared by the court, she being continued in office as administratrix. She afterwards married said William S. Bankhead, and they were acting as administrators of the estate when the bill was filed, "having never made any settlement of their

[Shackelford v. Bankhead.].

administration of said insolvent estate, nor done anything towards the final settlement of said estate, and the distribution of the assets belonging thereto; nor has the said Catherine M. made any settlement of her administration of said estate before said declaration of insolvency." The bill alleged that the children of said intestate were in possession of the lands belonging to the estate, " taking and using the rents thereof as their own, with the connivance and approval of said Catherine M. and William S. Bankhead ; " that said administrators had cultivated the lands for several years, had sold the crops, received the rents, and collected large sums of money due to the estate, for which they had never made any report or return; that the amounts so received and collected, which were assets of the estate, were unknown to the complainants, " nor have they the means of knowing or ascertaining ; " and as to these matters they asked a discovery and account.

The chancellor dismissed the bill, on motion, in vacation, for want of equity ; and his decree is now assigned as error.

PHELAN & WHEELER, for appellants.

CABANISS & WARD, contra.   (No briefs on file.)

SOMERVILLE, J.—Where the jurisdiction of the Probate Court *has attached, and commenced to be exercised* in the settlement of the estate of a decedent, the Chancery Court will not, even on the application of a *distributee*, or other party beneficially interested, assume jurisdiction by removal of the administration into the forum of equity, unless it be shown that some question of special equitable cognizance is involved, which the Probate Court is incompetent to determine.   Nor can such administration be removed into the Chancery Court, *in any case, or at any time*, by the *personal representative*, without the assignment of some particular ground of equitable jurisdiction. This rule may now be considered as firmly settled by the decisions of this court.—*Newsom v. Thornton*, 66 Ala. 311; *Maybury v. Grady*, 67 Ala. 147 ; *Whorton v. Moragne*, 59 Ala. 641; *Teague v. Corbitt*, 57 Ala. 529.

One of the most signal modes by which this active exercise of probate jurisdiction is manifested, is the declaration, by that court, of the *insolvency of the estate*.   Where this has been done, it requires a clear and strong case to justify removal.   As said in *Clark v. Eubank* (65 Ala. 245, 247), " When an estate is declared insolvent, there is an eminent fitness in having the settlement finished in the Probate Court, unless there is involved in it some question of exclusive equitable cognizance, which the Probate Court, by reason of its limited powers, is in-

[Shackelford v. Bankhead.]

competent to adjudicate. Moreover, by the act of declaring an estate insolvent, the Probate Court acquires jurisdiction of the settlement, which precludes all interference by the Chancery Court, unless a special equity is shown."—*Moore v. Winston's Adm'r*, 66 Ala. 296; *Watts v. Gayle*, 20 Ala. 817. There is, in our opinion, no doubt whatever about the correctness of this principle.—*Prince v. Prince*, 47 Ala. 283; 1st Brick. Dig. 647, § 120.

It is obvious that the rule above announced must prove fatal to the general equity of the present bill, apart from the particular equity of *discovery*, to which we will hereafter advert. The summary of all the charges made against the defendants, as administrators of Garth's estate, is that they have omitted to make any settlement of the estate, and have converted to their own use, or otherwise become liable for a vast amount of personal assets, for the value of which they are legally chargeable; and that much of this property has been omitted from the inventory, where it should properly have appeared. No reason is assigned why these acts of mal-administration and of official *devastavit* can not be fully redressed by the Probate Court, whose powers are entirely adequate for the purpose.—*Clark v. Eubank*, 65 Ala. 245, *supra;* *Weakly v. Gurley*, 60 Ala. 379.

The bill is defective in its allegations as one framed for *discovery*, in aid of the relief prayed. Where a bill is filed, not for discovery alone, but also for relief, and seeks to withdraw from the jurisdiction of any law court a matter of strictly legal cognizance, it must be shown that the discovery sought is indispensable to the ends of justice—or, in other words, that the facts, as to which the discovery is sought, can not be otherwise proved than by the defendant's answer.—*Continental Life Ins. Co. v. Webb*, 54 Ala. 689, 697; *Horton v. Mosely*, 17 Ala. 794; 1 Brick. Dig. 714, § 1067. The bill must, also, aver the existence and materiality of such facts with sufficient certainty, and show that the defendant is capable of making the discovery. *Horton v. Mosely, supra;* Story's Eq. Pl. 325; *Lucas v. Bank of Darien*, 2 Stew. 280; *Guice v. Parker*, 46 Ala. 616.

It is quite clear, however, that this well established jurisdiction of equity in matters of discovery is not ousted, or in any wise affected, by the statutory changes in the common-law rules of evidence, by which parties to pending suits are authorized to be examined as witnesses in the courts of this State. *Cannon v. McNab*, 48 Ala. 99.

The bill, when tested by the above requirements, is defective. It fails to aver with sufficient certainty that the facts, as to which the discovery is sought, can not be proved in any other manner than by the answer of the defendants. The averment made as to some of these facts—that the complainants have no

[McWilliams v. Jenkins.]

other "means of *knowing* them"—is insufficient; and others are of such a nature as that, presumptively at least, the transactions involving them may be within the cognizance of witnesses. If this be otherwise, the bill should clearly show it by affirmative allegations, free from all ambiguity of meaning.

These are amendable defects, however, and it was error for the chancellor to dismiss the bill *in vacation*, without first affording the complainants an opportunity to make the required amendments. This was so ruled in *Kingsbury v. Milner* (69 Ala. 502), a case which has been since several times followed. In *term time*, where the opportunity to amend is presented, the right must be claimed by the party entitled; and it has often been held that the chancellor can be put in error, only where the record shows a denial of this right, on application made in accordance with the rules of practice prevailing in a court of equity, and regulating amendments. A mere dismissal, without such denial, would be, in such cases, no ground for reversal in the appellate court.—*Little v. Snedicor*, 52 Ala. 167; *Bishop v. Wood*, 59 Ala. 253; *Brock v. S. & N. Ala. Railroad Co.*, 65 Ala. 79.

The decree of the chancellor must be reversed, and the cause remanded, in order that the bill may be amended, if it is so desired by the appellants.