# Dolan *v.* Dolan.

*Bill in Equity by Heirs, for Removal and Settlement of Insolvent Estate.*

1. *Insolvent estate; removal of settlement into equity.*—The jurisdiction of the Probate Court, in the matter of the settlement of a decedent's estate as insolvent, attaches on the filing of a report of insolvency by the personal representative; and when the jurisdiction of the court has thus attached, the administration and settlement can not be re-moved into equity by the heirs, without averment and proof of some equitable ground which can not be adjudicated in the Probate Court.

2. *Same; claim and allotment of dower.*—If the bill alleges that the widow and administratrix is claiming dower in the lands of her de-ceased husband, but denies her right on the ground that she holds a statutory estate which precludes it (Code, § 2354), this does not im-part equity to the bill, since her right to dower can be adjudicated by the Probate Court; and a further averment that, if she is entitled to dower, it can not be assigned by metes and bounds, does not author-ize the interposition of equity until the Probate Court has decided that she is entitled to dower.

3. *Same; omissions from inventory; conversion of assets; adjudication of claims presented.*—Omission of assets from the inventory, conversion of assets by the administrator, and the validity of claims presented against the estate, which are contested by the heirs, are all matters within the cognizance of the Probate Court, and furnish no ground for a resort to equity.

4. *Homestead and substitutionary selection of other lands.*—When the decedent's homestead, reduced to its lowest practicable limits, ex-ceeds $2,000 in value, the widow has a right to select other lands in lieu thereof, not exceeding $2,000 in value (Code, § 2544); and the heirs can not deny her right of homestead, because of excess in value, and at the same time deny her right to select other lands in lieu thereof, because they are of less value than $2,000.

APPEAL from the Chancery Court of Mobile.

Heard before the Hon. WM. H. TAYLOE.

The bill in this case was filed on the 30th April, 1890, by William Dolan and others, as heirs at law and next of kin of Thomas Dolan, deceased, against his widow, Mrs. Mary Dolan,

individually and as administratrix, and against James Dolan, her son by a former marriage; and sought to remove the settlement of said estate into the Chancery Court, and to enjoin further proceedings in the Probate Court, on the petition of the administratrix to have the estate declared insolvent, at least until the Chancery Court had adjudicated her asserted rights of dower and homestead. Thomas Dolan died, intestate, in September, 1887, leaving a valuable estate, which consisted of real and personal property; and letters of administration were granted to his widow on the 1st of October, 1887. On the 10th of October, the administratrix filed an inventory of the property, specifying personal property which consisted of household furniture, stock of groceries in the store, &c., value not stated; and real estate, which consisted of three houses and lots in the city of Mobile, and a half interest in a fourth house and lot, all particularly described. On the 7th May, 1888, the administratrix filed her petition in the Probate Court, alleging that the estate was insolvent, and asking that it be so declared. The petition alleged that the personal property of the estate had been set apart to the widow, as exempt from administration; that the assessed value of the real estate, in which she claimed dower and homestead, was $3,750; and that the debts presented against the estate amounted to $3,563.49, all of which she had paid individually, except a debt of $2,844 claimed by said James Dolan. The schedule annexed to the petition stated the value of the real estate as follows: one house and lot, $2,500; another, $450; another, $400; and the half interest in the fourth, $400. The heirs intervened as contestants, and denied the insolvency of the estate; and an issue having been made up between them, James Dolan as a creditor joining with the heirs as a contestant, the issue was decided in favor of the administratrix; but the decree of the Probate Court was reversed by this court on appeal, and the cause remanded, as shown by the report of the case.—*Dolan v. Dolan*, 89 Ala. 256.

The bill in this case, which sought to enjoin further proceedings in the Probate Court, alleged that the administratrix had omitted from the inventory of personal property several Alabama State bonds, which had come into her possession as administratrix, from $4,000 to $10,000 in value, and had sold and converted some of them; that the claim filed by James Dolan was fictitious, and was filed by fraudulent collusion with the administratrix, in order to procure a decree of insolvency, and thereby increase her personal interest in the decedent's estate; that she was not entitled to dower in the lands, because her statutory separate estate was of greater value than her dower

and distributive interest in her husband's estate, and, if entitled to dower, it could not be assigned by metes and bounds, and therefore the Probate Court had no jurisdiction to allot it; that she was not entitled to claim a homestead exemption, because the homestead of the deceased, reduced to its lowest practicable limits, was of greater value than $2,000, and a homestead could not be set apart to her by metes and bounds; and that a sale of the property under a decree of the Probate Court, before the rights of dower and homestead had been adjudicated, would embarrass the title of the purchaser, and would prevent the property from bringing its market value.

The chancellor sustained a demurrer to the bill for want of equity, and his decree is here assigned as error.

Wм. E. RICHARDSON, and with him THOS. H. SMITH, for appellants.—The appellants admit that their bill must show some special ground of equity jurisdiction, in order to divest the jurisdiction of the Probate Court, and to authorize the interposition of equity; and they claim that the bill shows several special grounds, on which the equity of the bill can be maintained. (1.) The claim of dower can not be adjudicated in the Probate Court, even if the widow is entitled to dower, because dower can not be assigned by metes and bounds; and this is a special ground of equity jurisdiction.—*Thrasher v. Pinckard,* 23 Ala. 616; *Wood v. Morgan,* 56 Ala. 397; *Beavers v. Smith,* 11 Ala. 20; *Owen v. Slatter,* 26 Ala. 547; *Inge v. Murphy,* 14 Ala. 289; *Shelton v. Carroll,* 16 Ala. 148; *Graham v. Graham,* 6 Monroe, 561; 4 Kent's Com. 62–3; *Stevens v. Stevens,* 3 Dana, 372; 2 Crabb's R. P. 92, § 1141. (2.) The claim of homestead is denied by appellants, and, under the facts alleged, is at least doubtful and complicated. The last residence of the deceased, as shown by the exhibits to the petition for a declaration of insolvency, is of greater value than $2,000, and can not be claimed as an exempt homestead; and yet the widow is in possession of it, and claims it as a homestead. As the intestate was residing on this homestead at the time of his death, the widow can not claim a substitutionary right in other lands, which only arises when there is no homestead exemption at the time of the decedent's death; nor has the widow made any claim of substitutional exemption. Code, § 2544. The husband, while living, might have claimed $2,000 out of the proceeds of sale of the residence, as against an execution creditor; but this statutory right is not given to the surviving widow.—Code, § 2535; *Miller v. Marx,* 56 Ala. 322; *McGuire v. Van Pelt,* 55 Ala. 353; *Cameron v. Cameron,* 82 Ala. 392; *Beecher v. Baldy,* 7 Mich. 488; *Thomas v.*

[Dolan v. Dolan.]

*Thomas*, 45 Miss. 263; *Helfenstein v. Cave*, 3 Iowa, 287. (3.) The administratrix having retained possession of the residence, is accountable for the excess of rents and profits over and above her dower and claim of homestead; and chancery is the proper forum to settle matters of account.—*Smith v. Beavers*, 11 Ala. 20; *Springle v. Shields*, 17 Ala. 296; *Benagh v. Turrentine*, 60 Ala. 557. (4.) The court may settle these contested questions, as prayed, even if it declines to remove the administration and settlement from the Probate Court. *Shipman v. Furniss*, 69 Ala. 563; *Micou v. Ashurst*, 55 Ala. 602; *Field v. Helms*, 70 Ala. 460; *Adams v. Sayre*, 70 Ala. 318. But, having assumed jurisdiction for one purpose, the general rule requires that the court should go on and settle the entire litigation, thereby avoiding a multiplicity of suits.

HANNIS TAYLOR, *contra*, cited *Hill v. Armistead*, 56 Ala. 118; *Moore v. Winston*, 66 Ala. 302; *Clark v. Eubank*, 65 Ala. 245; *Hardin v. Pulley*, 79 Ala. 389; *Jackson v. Rowell*, 87 Ala. 685; *Shackelford v. Bankhead*, 72 Ala. 476.

COLEMAN, J.—The administration and settlement of insolvent estates, under our statutes, constitute a system, and have justly been regarded as the continuation of one proceeding. The filing of a proper declaration and statement in the Probate Court gives the court jurisdiction, and all else up to final settlement and disbursement follows under statutory regulation. We think such report of insolvency must be classed as the institution of proceedings in the Probate Court, which will exclude chancery jurisdiction, unless some special equitable grounds be assigned.

The above principles of law are declared in the case of *Hill v. Armistead*, 56 Ala. 120. Complainants' bill shows on its face that the administratrix filed her petition and statement in the Probate Court, seeking to have the estate declared insolvent. Complainants, as heirs, contested this application; and, pending the issue of insolvency *vel non* in the Probate Court, the present bill was filed, asking, among other reliefs, that the administration be removed from that court to the Chancery Court.

The duty devolves upon complainants to show some special equity for removing the cause to the Chancery Court. One ground of relief relied upon is, that the administratrix, wife of decedent, is proceeding in the Probate Court to have dower set aside and allotted to her; and the bill alleges the character of the property to be such that this can not be done by metes and bounds, and the Probate Court has no jurisdiction, under such conditions.—Code, § 1910.

The bill directly charges, that the statutory separate estate of the widow at the time of the death of her husband, exclusive of the rents, incomes and profits, was and is equal to, or greater in value than her dower interest and distributive share in her husband's estate, estimating her dower interest in said land at seven years rent of the dower interest.—Code, § 2354. On demurrer, this direct allegation must be considered as true; and the fact that the bill shows that the widow denies that she owns any other than an equitable estate, can not relieve the positive allegation in the bill that it is her statutory estate. The Probate Court has jurisdiction to determine whether the widow is entitled to dower. If she is not, no question of the assignment of dower can arise. If she is, and it can not be assigned by metes and bounds, the Chancery Court may then be invoked. Upon demurrer, the facts as alleged, which show she is not entitled to dower, must be regarded as true.

There is no allegation in the bill which even suggests a difficulty in the way of the Probate Court, to determine properly the issue of insolvency *vel non*. Omissions from the inventory, or conversion of assets, are matters entirely within the jurisdiction of the Probate Court.—*Shackelford v. Bankhead*, 72 Ala. 477. There is nothing in the bill to show that the Probate Court can not try and determine the validity of the claim preferred by James Dolan. There is no equitable or other defense to this claim, averred in the bill, of which the complainants can not receive the full benefit in the Probate Court, under the issue contesting the insolvency of the estate. Under the statute, the widow or minor children may retain the homestead until it is ascertained whether the estate is solvent or insolvent.—Code, § 2543. Construing section 2544 in the case of *Jackson v. Rowell*, this court declared, "a residence can not, at one and the same time, be an exempt homestead, so as to preclude the right of selection and claim of other lands in lieu of it, and yet, by reason of excess in value, not be exempt as a homestead, and thus preclude its selection as such." 87 Ala. 689. The bill shows that decedent died seized of other property than his homestead, and although the bill alleges that no particular sub-division is of the exact value of two thousand dollars, it does not follow that no suitable and satisfactory selection can be made therefrom.

Several questions are discussed in the argument of counsel, which can not possibly arise if the estate is declared insolvent. This issue is now pending in the Probate Court, and it is fully competent to try every question presented under this issue.

The decree of the court below is affirmed.