# Pollock & Co. v. Haigler, et al.

Bill for Removal of Administrator, and for a Discovery.

(Decided November 25, 1915.   70 South. 258.)

1. **Equity; Decree; Vacation; Amendment.**—A decree rendered in vacation sustaining a demurrer to a bill, and dismissing the bill without giving an opportunity to amend as required by § 3126, Code 1907, will be reversed.

2. **Executors and Administrators; Insolvent Estate; Removal; Bill.**— Where an estate has been reported to the probate court as insolvent, a bill by creditors seeking to remove the administration of the estate from the probate to the chancery court must disclose some special ground of equitable relief.

3. **Discovery; Legal Remedy; Concealed Assets.**—A probate court has jurisdiction adequate to discover all the assets of an estate in the hands of or received by an executor, and a creditor of an insolvent estate has no right of action in a court of equity to compel a discovery of withheld or concealed assets.

4. **Mortgages; Foreclosure; Validity; Price.**—In the absence of fraud or irregularity inadequacy of the price paid at foreclosure sale is not sufficient to avoid the sale.

[Pollock & Co. v. Haigler, et al.]

APPEAL from Lowndes Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by J. Pollock & Company against W. L. C. Haigler and others to remove the administration of an estate from the probate to the chancery court, and to discover and subject to complainant's claim withheld and concealed assets. From a decree in vacation sustaining demurrers to the bill and dismissing it, complainants appeal. Reversed and remanded.

POWELL & HAMILTON, for appellant. JOHN R. TYSON, and JOSEPH R. BELL, for appellee.

McCLELLAN, J.—(1) The decree sustaining the demurrer to the original bill as last amended and dismissing the bill was rendered in vacation; and no opportunity was preserved for the complainant to amend, if so advised. This was error to reverse the decree.—*Kingsbury v. Milner*, 69 Ala. 502; Code, § 3126. Other decisions to like effect are collated in the opinion of two of the justices in *Blackburn v. Fitzgerald*, 130 Ala. at pages 590, 591, 30 South. 568. The decision in *Merritt v. Alabama Pyrites Company*, 145 Ala. 252, 262, 263, 40 South. 1028, was made to turn in this connection upon the fact that motion to dismiss for want of equity (now abolished [Code, § 3121]), not demurrer, was the means employed to test the pleading. There appears to have been a misapprehension in the *Merritt Appeal, supra*, of the question presented and decided in *Tait v. A. M. Co.*, 132 Ala. 193, 31 South. 623. That decision is not authority for the ruling made on *Merritt's Appeal*. On *Tait's Appeal* the inquiry involved the subject of assumed, anticipated amendment of the pleading assailed on a consideration of the pleading's sufficiency or motion to dismiss and on demurrer. The correctness of a decree rendered in vacation finally dismissing a cause, where the sufficiency of the bill was assailed as there, without opportunity to amend, was not considered or decided in the opinion on *Tait's Appeal*.

(2, 3) The bill, as last amended, would invoke, at the instance of a simple contract creditor (complainant) of a deceased debtor the powers of a court of equity to enforce discovery, by the executors of the deceased debtor's estate of assets, alleged to be withheld or concealed by the executors, the removal of the estate from the probate court to the court of equity for admin-

istration and for relief. Where executors have reported to the probate court that the estate of their testator was insolvent, it is essential that a bill by a creditor seeking the estate's removal into a court of equity for administration should disclose some special ground of equity, to justify or to sustain it.—*Dolan v. Dolan,* 91 Ala. 152, 156, 8 South. 491; *Shackelford v. Bankhead,* 72 Ala. 476.

There is no matter of "inclusive equitable cognizance" set forth in the bill as last amended. As respects the feature of the bill whereby a right to equity's action to compel a discovery of withheld or concealed assets is sought to be averred, this court, in *Shackelford v. Bankhead, supra,* and in *Dolan v. Dolan, supra,* long since ruled that the jurisdiction of the probate courts was entirely adequate to serve the purposes of discovery and redress in such cases. The existence of this jurisdiction—adequate to discover all the assets of an estate in the hands of, or that have been received by, executors or administrators—necessarily negatives the presence of an essential feature of a sufficient bill, which discloses no other ground for equitable action, for discovery, and for relief, viz., the inadequacy of legal remedies.—*Wolfe v. Underwood,* 96 Ala. 329, 332, 11 South. 344; *V. & A. Mining Co. v. Hale,* 93 Ala. 542, 9 South. 256; *Shackelford v. Bankhead, supra.*

(4) It is alleged in the amended bill that mortgages executed by the testator on his property were foreclosed; that the property was bought in by the testator's widow, who was an executrix of the estate; and that the purchase price was greatly less than the value of the property. No fraud or even irregularity in the conduct of the foreclosure sale is shown. Inadequacy of the sale price at a foreclosure sale is not alone sufficient to avoid or to invalidate the sale.—*Ward v. Ward,* 108 Ala. 278, 19 South. 354; *Hunter v. Mellen,* 127 Ala. 343, 348, 28 South. 468.

The decree must be reversed for the error committed in dismissing the bill as last amended without providing an opportunity for complainant to amend it, if so advised.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.