(Decided 21st January, 1876.)

---

## LEWIS BRUNER and JACOB WALKER and MARY, his Wife, *vs.* WILLIAM H. RAMSBURG.

*Admissibility of Evidence—Province of the Court and Jury—Estoppel.*

An action of *assumpsit* was brought by the appellants, to recover the value of a crop of wheat which was sold by the appellee. Upon the trial of the case, the defendant offered in evidence, as a bar to the right of the plaintiffs to recover, the record of a case in equity, in which the defendant and the plaintiffs were parties. The record so offered, showed that the plaintiffs had bought at a trustee's sale, the land upon which the crop of wheat was grown, subject to the right of the defendant, who was the tenant, to cut and secure the same, and that the sale was reported by the trustee as made

Bruner & Walker *vs*. Ramsburg.

subject to this right of the defendant, and was ratified by the Court. On objection by the plaintiffs to the admission of the record in evidence, it was HELD:

That the record was admissible for the purpose for which it was offered; that the claim of the plaintiffs to the crop was inconsistent with the right of the defendant under the reservation.

The plaintiffs having offered to prove that to "cut and secure," in the language of farmers, did not confer any title to the crop on the party who had the right to cut and secure the same, it was HELD:

That such testimony was inadmissible, it being the province of the Court and not of the jury, to construe the language of the trustee's report.

Certain land was sold under a decree in equity, and the trustee reported to the Court that he sold the same, "subject to the right of the tenant to cut and secure the growing crop." The sale as reported was ratified by the Court. The purchasers and the tenant were parties to the proceedings for the sale of the land. The tenant cut and sold the crop of wheat which was growing at the time of the sale, and received the money therefor. In an action by the purchasers against the tenant, to recover the value of the crop which he had sold, it was HELD:

That the plaintiffs were estopped from claiming the crop of wheat or its value.

APPEAL from the Circuit Court for Frederick County.

This was an action of *assumpsit*, brought by the appellants to recover of the appellee, the value of a certain quantity of wheat, claimed to belong to the plaintiffs, which was sold by the defendant. The plea was, never promised. Issue was joined.

*First Exception.*—The plaintiffs having offered in evidence a deed from John Ramsburg, trustee, to the plaintiffs, Lewis Bruner and Mary Walker, proved by the defendant, that at the time of the sale of the land mentioned in said deed, there was a crop of wheat growing thereon, which he cut and sold and received the money therefor, and kept it. On cross-examination, the defendant stated that he resided on the premises in question. The plaintiffs then proved by the plaintiff Lewis Bruner, that he was present at the sale of the real estate mentioned in the

said deed, and became one of the purchasers thereof, that the sale was a public sale, and that at the time and place of sale, there was no reservation of the growing crop on the premises; that the crop of wheat mentioned by the defendant in his testimony, and to recover the value of which this action was brought, was the same crop which was growing on the land at the time of the sale thereof. On cross-examination, the witness proved that John Ramsburg, Sr., died intestate in 1821, leaving a widow and nine children, that the widow died in February, 1863, leaving the property described in the deed offered in evidence, as the dower she obtained from her said husband; that prior to the death of the widow, the defendant lived upon said land as her tenant, and remained in possession thereof after her death.

The plaintiffs then proved by Jacob Walker, that he bid on the land with the growing crop, at the sale which took place in January, 1864, that he was there when the sale commenced, and during its progress until its conclusion, that there was no reservation of any kind of the said crop of wheat made at or during the sale. Two other witnesses testified to being present at the sale of said land, and that there was no reservation of the growing crop of wheat at the time of said sale.

The defendant then offered in evidence, in bar of the plaintiffs' right to recover in this action, the record and docket entries in No. 3086 Equity, in the Circuit Court for Frederick County, in which case the plaintiffs and the defendant were parties. The record showed that a decree was passed therein for the sale of said land, which was sold by the trustee therein appointed, and the sale reported to and ratified by the Court. The report of sale stated that the trustee had sold the land to Lewis Bruner and Mary Walker, "subject to the right of William H. Ramsburg, the tenant, to cut and secure the growing crop." The plaintiffs objected, but the Court, (BOWIE and LYNCH,

J.,) overruled the objection, and permitted the record for said purpose to be read. The plaintiffs excepted.

*Second Exception.*—The plaintiffs offered to prove, that " to cut and secure," in the language of farmers, did not confer any title to the crop on the party who had the right to cut and secure, and that the tenants in common in this case, the nine heirs-at-law of John Ramsburg, Sr., deceased, did not assent or consent to the defendant's remaining and acting on said farm as tenant, or planting the crop of wheat, for the recovery of the value of which this action was brought, but the defendant objected, and the Court sustained the objection, and refused to admit said evidence. The plaintiffs excepted.

*Third Exception.*—The plaintiffs offered sixteen prayers, which it is not deemed necessary to report.

The defendant asked the Court to instruct the jury, that under the pleadings and evidence in the cause, the plaintiffs were estopped from setting up title to the wheat, for the value of which this suit was brought, and that their verdict must be for the defendant. The Court rejected the prayers of the plaintiffs and granted the prayer of the defendant; the plaintiffs excepted. The verdict and judgment being for the defendant, the plaintiffs appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON and MILLER, J.

*Wm. P. Maulsby, Jr., James McSherry* and *John Ritchie,* for the appellants.

The ruling of the Court below, to which the first exception was taken, was erroneous, because the equity record discloses nothing which can legally bar this action.

It was not decided in the equity case, that the land was sold subject to the right of the appellee to have and possess the growing crop. On the contrary, it was expressly determined by the Court, in its opinion in that case, that

the subject-matter of inquiry involved in this, namely, the fact whether a reservation of any kind had been made at the sale of the land, could not there be passed upon, because the Equity Court had no *jurisdiction* to entertain or decide such a question.

The report of sales was ratified not because it was true, but because the Court had no jurisdiction to determine whether it was true in fact, and to ratify such part and reject the balance. That the land was sold with a reservation of the growing crop to the appellee, has never been decided or adjudged by any tribunal. If this be so, the proffered evidence could not estop the appellants from proceeding to show that no reservation of the crop ever was made. The appellants' right to recover in this case, so far as this exception is concerned, depends upon the question of fact, whether the land was sold without the crop—whether the crop was reserved. If the crop was growing, and was not reserved at the time of the sale, it passed with the land. *Chitty on Contracts*, (*3rd Ed.*,) 366, 367.

The evidence in this exception, offered on the part of the appellants, shows that there was no reservation. Does the equity record demonstrate that a Court of competent jurisdiction has, in a proceeding between the same parties, decided that the crop was reserved? Unless it does, there is no estoppel. That it does not is manifest from an inspection of the trustee's report, the objections filed thereto and the decision of the Court. No evidence was adduced on either side, and the Court expressly deny the existence of the power in it to pass upon the subject.

A judgment is conclusive upon the parties thereto, only in respect to the ground covered by it, and the law and facts necessary to uphold it, and although a decree in express terms purports to affirm a particular fact or rule of law, yet if such fact or rule of law was immaterial to the issue, and the controversy did not turn upon it, the decree

will not conclude the parties in respect thereto. *People vs. Johnson*, 38 *N. Y.*, 63 ; *Bigelow on Estoppel*, 22 ; *Webster vs. Lee*, 5 *Mass.*, 334 ; *Badger vs. Titcomb*, 15 *Pick.*, 416 ; 2 *Smith's Leading Cases*, 808, (*top.*)

The evidence rejected in the second exception was clearly admissible in rebuttal. If the ruling of the Court in the first exception, admitting in evidence the record then referred to, was correct, it was manifestly competent for the appellants to explain by testimony, the usual or ordinarily accepted meaning of the term used in said record and relied on as a bar. It will be seen that the part of the record relied on as an estoppel, is the clause in the trustee's report, stating that the trustee "sold the land, subject to the right of Wm. H. Ramsburg, the tenant, to cut and secure the growing crop." Now it was proposed to prove that among farmers the terms "cut and secure," do not confer a title to the crop on the party who has the right to "cut and secure." When usage or long established custom has attached to language used in instruments of writing, a particular meaning ; it is always competent to construe such instruments by the light of such usage or custom. Parties are presumed to have used words according to the sense they have acquired by usage and custom, or in a particular business.

If this be true then, surely the appellants should not have been denied the right to show that among farmers the words relied on do not confer title—and thereby effectually defeat the defence predicated upon the construction of the language of the report insisted on by the appellee. If, in point of fact, to "cut and secure," does not confer title on the party to whom the right is reserved, then the presumption of law is, that the contract of purchase was entered into by the appellants, with reference to that fact, and consequently, that they are entitled to the crop, except only in so far as the right "to cut and secure" it, qualifies that title.

The evidence offered does not infringe the rule which prohibits the introduction of parol evidence to vary or explain a written instrument.

The third exception was taken to the rejection by the Court of the appellants' prayers, and to the granting of that of the appellee.

The rejected prayers present three propositions in different forms, viz: That the sale of the land, without a reservation of the crops, passed the latter with the land to the purchaser. That the words "cut and secure," used in the trustee's report of sales, do not in law import a reservation of the *title* in the crops, and that the record offered in evidence does not constitute an estoppel.

The first proposition cannot admit of a successful contravention. Crops growing are, generally speaking, part of the realty, and as such, pass with the land. *Chitty on Contracts,* 366, 367, (*3rd Ed.*)

The second is also clear. Assuming, that unless reserved, the crops would pass with the land, selling the land "subject to the right of the appellee to cut and secure the growing crop," is not a reservation of the crop from the sale. It is in reality reserving to Ramsburg a privilege of some value, as proved by him in his testimony contained in the first exception. There not having been a reservation of the crop, these prayers should have been granted.

The third proposition that there is no estoppel, which is the converse of the appellee's prayer, has been discussed under the first exception.

*Frederick J. Nelson,* for the appellee.

The plaintiffs, Lewis and Mary, and the defendant in this case, at the time of the sowing of the crop, the value of which is sued for, were tenants in common. The appellee, at this time, was in sole possession of the land, with at least, the tacit acquiescence of the appellants, and

being in possession, he put in this crop at his own expense, and harvested and secured the same. Under this state of facts, the crop thus made was his own; and the decree for the sale of the land could not affect it. It could not have passed to the purchasers at the trustee's sale, whether reserved or not. *Benjamin on Sales*, 90.

The parties here claiming as purchasers, were aware of the fact of this crop having been put in and secured at the expense of the appellee, and made no objection. This knowledge and acquiescence acts as an estoppel *en pais*, against the claim of the appellants, that the crop passed at the trustee's sale. *Davis vs. Simpson*, 5 *H. & J.*, 147; *Tongue's Lessee vs. Nutwell*, 17 *Md.*, 212; 1 *Greenleaf on Ev.*, sec. 197.

The equity record offered in evidence, is a bar to the appellants' right to recover, the question being there shown to be *res adjudicata*. *Brown vs. Wallace and Mitchell*, 4 *G. & J.*, 507; *Starkie on Ev.*, 215, (*5th Ed.*)

STEWART, J. delivered the opinion of the Court.

The first exception presents the question, whether the record in the cause in equity, operated as a bar to the recovery of the plaintiffs in this action.

The plaintiffs having brought this action of *assumpsit*, upon the demand of the defendant filed a bill of particulars, claiming specifically the value of a crop of wheat sold by the defendant.

The issue involved the plaintiffs' right to the crop of wheat.

The record relied upon as the bar to the action, shows the plaintiffs had bought the land upon which the crop of wheat was grown, subject to the right of Wm. H. Ramsburg, the tenant, to cut and secure the growing crop.

The righ tof the plaintiffs, as purchasers of the land at the sale of the trustee, must be held as qualified and limited by the reservation made and reported by the trustee, and ratified by the Court.

This has been decided in *State, use of Bruner, et al. vs. Ramsburg, et al., ante page* 325.

The report of the trustee, which was a written instrument, contained the reservation, and its purport and effect must be construed by the Court according to its tenor and effect, and resort to parol proof to vary its tenor, would be against the general rule applicable to the construction of written instruments. This is the rule. *Williams vs. Woods, Bridges & Co.*, 16 *Md* , 221.

The reservation expressly recognized the right of the tenant to cut and secure the growing crop at the time of the sale, and of course, excluded the right of the plaintiffs' to the crop, whatever might be their rights as purchasers of the land, to claim for its use and occupation in any pertinent proceeding.

The claim of the plaintiffs to the crop, was inconsistent with the right of the defendant under the reservation, and there was no error in the first exception.

The claim of the plaintiffs to have the reservation construed by the jury, as its language might be understood by farmers, as contended for in the second exception, is not authorized by any of the exceptions to the general rule to which we have adverted, requiring the Court to define the meaning of a written instrument. The other testimony offered in this exception was irrelevant, and there was no error in this exception.

The plaintiffs' prayers were refused, and this with the granting of the defendant's prayer was the ground of the third exception.

It is apparent, from what we have stated, that all of the plaintiffs' prayers, and they were numerous, with varied language, were objectionable, because they were founded upon the mistaken theory, that the crop of wheat, or some part of it at least, specifically subject to any expenses the tenant had incurred in its cultivation and preservation, belonged to the plaintiffs, because of their purchase of the

land upon which it was growing, notwithstanding the reservation.

This we have said was an erroneous view of their rights, and each and every one of the prayers affected with this vice, was properly refused.

There was no error in granting the defendant's prayer, that under the pleadings and evidence, the plaintiffs were estopped from claiming the crop of wheat or its value.

It is very clear the plaintiffs could not recover the crop of wheat or any part of it, or for the use and occupation of the land upon which it was grown, under the pleadings and evidence in this case.

*Judgment affirmed.*

(Decided 31st January, 1876.)