# Morring *v.* Tipton.

### Statutory Action of Ejectment.

1. *Sale of lands for partition under probate decree; conclusiveness.*
   *of decree; not subject to collateral attack for error or irre-*
   *gularity.*—Where jurisdiction has been acquired by a court
   no mere error or irregularity in its exercise can make a
   judgment of the court void; and, therefore, where the pro-
   ceedings in a probate court of a sale of lands for partition,
   are, in all respects, regular, except a variance in one of the
   initial letters of the name of the commissioner appointed
   by the court and who conducted the sale, reported it to.
   the court for confirmation and executed the deed to the·
   purchaser, such variance constitutes a mere error or irregu-
   larity, and will not invalidate the decree of sale or render
   the deed to the purchaser void on collateral attack.
2. *Ejectment; admissibility of deed in evidence.*—In an action of
   ejectment, a deed offered in evidence which does not describe·
   the lands sued for, is inadmissible.

APPEAL from the Circuit Court of Madison.
Tried before the Hon. H. C. SPEAKE.
This was a statutory action of ejectment, broughl
by the appellant, Sallie Morring, against Amanda Tip-
ton and Calvin Tipton. It was tried upon issue joined
on the plea of not guilty. The evidence showed that
the real estate in suit was on and prior to June 25,
1898, owned by one Adeline Elledge, who died on that
date, leaving surviving her six children, to-wit, Ada
Preston, Amanda Tipton, William Elledge, Mollie
Calahan, Malda Derrick and Mattie Parcus. The plain-
tiff (appellant here) then offered in evidence a deed
from Ada Preston and the other said heirs of Adeline
Elledge, with the exception of Amanda Tipton. This

[Morring v. Tipton.]

deed was excluded as evidence by the court on the motion of defendants (appellees here) upon the ground that the deed did not describe the lands sued for, and an exception was reserved by plaintiff to this ruling.

The plaintiff then offered in evidence a deed from S. M. Morring, as administratrix of G. A. Morring, to William Elledge and Amanda Tipton. This deed purported to have been executed by the grantor in pursuance of a certain agreement between G. A. Morring and Adeline Elledge, both deceased. It purported to convey to William Elledge five-sixths interest in the lands in suit and one-fifth interest in the same to Amanda Tipton. In connection with the deed plaintiff offered the testimony of the attorney who wrote the deed, showing that it was written with the advice and consent of the defendant, Calvin Tipton. The deed purported to have been executed under authority of section 1019 of the Code of Alabama. This deed was excluded as evidence by the court on motion of defendants upon the ground that there was no evidence in writing that any contract had been made by G. A. Morring with Adeline Elledge to convey said lands, and an exception was reserved by plaintiff to this ruling.

Plaintiff then offered in evidence certain proceedings had in the probate court of Madison county, whereby a sale of the real estate sued for was effected for partition among the joint owners or tenants in common thereof. These proceedings consisted of 1st, a petition filed by William Elledge, which averred that petitioner owned 5-6 interest in the land, that Amanda Tipton owned 1-5 interest. (This petition properly describes the land, gives names, ages and interest of each heir.) 2d. Order of probate court fixing date for hearing; 3d. Decree of sale and appointing commissioner to effect same; 4th, commission issued to commissioner; 5th, report of sale by commissioner; 6th, decree of probate court confirming sale, and ordering execution of conveyance. Plaintiff then offered in evidence a deed of T. M. Ramey, commissioner, to S. M. Morring, the plaintiff. The plaintiff then offered to prove by F. T. Petty that "F. M. Ramey," who was appointed commissioner by the probate court

[Morring v. Tipton.]

of Madison county, and "T. M. Ramey'" to whom said court issued thec ommission and who reported the sale and whom the court ordered to, and who did, execute the deed, were one and the same person. This evidence was objected to by defendants, and the objection was sustained, and the court refused to allow the introduction of such proof. To this action the plaintiff excepted.

The defendants then moved the court to exclude from the evidence the deed from T. M. Ramey, commissioner, to S. M. Morring, the decree of the probate court confirming the sale made by T. M. Ramey, commissioner, the report made by said commissioner, and the commission issued to said F. M. Ramey, on the ground that under the decree appointing the commissioner, T. M. Ramey had no authority to make and report said sale and make a deed to the purchaser. The court sustained the objection, excluded the records and deed sought to be introduced, and plaintiff excepted. At the said sale under said probate proceedings plaintiff became the purchaser. The proceedings were in all other respects regular.

By reason of the adverse ruling of the court upon the evidence as above set forth the plaintiff in the case took a non-suit, with bill of exceptions. Judgment was rendered for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

S. S. PLEASANTS and DOUGLASS TAYLOR, for appellant, cited 17 Amer. & Eng. Encyc. of Law (1st ed.), p. 800, 803, 817, 821; *Cantelou v. Whitley*, 85 Ala. 247; *Whitlow v. Echols*, 78 Ala. 206; *Caperton v. Hall*, 83 Ala. 171.

J. C. KING, *contra*, cited *Ex parte Rice*, 102 Ala. 671; *Deslonde v. Darrington*, 29 Ala. 93; Wharton on Evidence, §§ 980, 982; Freeman on Judgments, § 275; Black on Judgments, § 625; Greenleaf on Evidence, § 528.

TYSON, J.—Jurisdiction having been obtained, no mere error or irregularity in its exercise can make

the judgment void.—Freeman on Judgments, § 135, and authorities cited in note 1.

The probate court proceedings for the sale of the lands for partition through which the plaintiff derives her title were seemingly in all respects regular except the variance in one of the initial letters of the name of the commissioner appointed by the court, and who conducted the sale, reported it to the court for confirmation, and executed the deed to the purchaser. In the decree ordering the sale the commissioner appointed by the court to make the sale is F. M. Ramey. The commission issued by the court was to T. M. Ramey. The report of the sale is signed by T. M. Ramey, and the deed is executed by T. M. Ramey. The decree of confirmation, after reciting that "T. M. Ramey, heretofore appointed by the court to sell," etc., confirms the sale made by him.

Section 3182 provides, "if, upon the hearing, the court is satisfied, from the proof, that such property cannot be equitably divided or partitioned among the parties in interest, it must decree the same to be sold, and make and issue all such orders as may be necessary to effect the sale thereof, and appoint a suitable commissioner," etc.

Section 3184 provides, "if the commissioner dies, resigns, or neglects, or refuses to act, at any time, before the sale, another may be substituted in his stead by the court, who shall have the same power in completing the sale as if originally appointed."

The sale of lands by commissioners acting under the order of the court, is not like the execution of a naked power, conferred by an individual. "It is the act of the court, through the commissioners as its ministerial agents, over whose acts it retains a controlling power. It is not concluded by their action, but may, in its discretion, set aside the sale when made, and direct another. It follows that the test of the correctness of such sales is not the action of the commissioners, but the ratification of the sale by the court."— Jennings v. Jenkins, 9 Ala. 289.

In Kellam v. Richards, 56 Ala. 240, it is said: "The commissioners appointed to conduct the sale were the

officers of the court. The court was the vendor; and until confirmation, the sale was incomplete, subject to be vacated for any irregularity which may have intervened, or because of inadequacy of consideration or because of fraud, or unfairness attending it. After confirmation, mere irregularities are cured; the sale is complete, and, except for fraud in which the purchaser participates, his title cannot be disturbed. The decree of confirmation is the final decree in the proceeding for the sale, and cannot be collaterally impeached."

The statute above quoted (§ 3182) does not require the court to appoint a commissioner in the decree ordering a sale of the lands. While doubtless it does contemplate that all orders made and issued necessary to effect the sale and the appointment of a suitable commissioner, shall be entered upon the minutes of the court, yet the failure to do so would be a mere irregularity that would not affect the validity of the decree of confirmation which is the final decree in the proceedings. So likewise should the commissioner originally appointed die, resign, or neglect or refuse to act, the failure of the court to enter an order upon the minutes reciting these facts and appointing another in his stead, would not render the final decree of confirmation of the sale void. Indeed, we are not prepared to say, if the particular cause was before us on appeal, that the commission issued by the court to T. M. Ramey would be a reversible error. Certainly on collateral attack we will presume, if the two names be regarded as signifying two different persons, that F. M. Ramey was dead or that he resigned or neglected or refused to act, and that the court appointed T. M. Ramey to act as commissioner in his stead.

The court erred in excluding the record of proceedings of the probate court and of the deed made by Ramey as commissioner to the plaintiff in obedience to the decree of confirmation.

There was no error in excluding the deed from Preston and others to W. E. Elledge for the reason that it does not describe the lands sued for.

Reversed and remanded.