(78 South. 87)
BROUGHTON v. BROUGHTON et al.
(7 Div. 909.)

(Supreme Court of Alabama. Feb. 7, 1918.)

1. APPEAL AND ERROR ⚫843(1) — SCOPE OF REVIEW—WAIVER OF ERRORS.

Since the appellant may waive on appeal questions other than jurisdictional questions, and so invest the appellee with rights which he would not have without such waiver, the court's review will be confined to the single ground upon which insistence for error in overruling demurrer to the bill was made.

**2. HOMESTEAD ⬦⟿133 — CONVEYANCE — CAN-CELLATION—ACTION—PARTIES.**

In suit to cancel a deed of the homestead made by the husband after separating from his wife, it was not misjoinder for the widow and the children of the grantor to join as plaintiffs in view of Code 1907, §§ 4196, 4198, as to the rights of the widow and children in the homestead, especially in view of section 3212, providing that the chancellor may decree such relief as equity. may require in favor of any one or more complainants.

**3. HOMESTEAD ⬦⟿118(3) — CONVEYANCE — JOINDER OF WIFE—STATUTES APPLICABLE.**

Code 1907, § 4161, requiring that in a deed of the homestead, the wife shall join by separate acknowledgment, applies only to conveyances by the husband, and not to conveyances by a third person, so that where the homestead was sold under foreclosure, and the land was purchased by the husband in the name of a third person, validity of a deed by such person was not determinable according to whether the original owner's wife separately acknowledged it.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Bill in equity by Fannie E. Broughton and others, as the widow and heirs of John F. Broughton, against W. H. Broughton, to allot a homestead to the widow, with remainder in the heirs, and to cancel a deed from A. B. Duke and wife to W. H. Broughton. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The demurrers directed to be set out are as follows:

(1) For that said bill is without equity.

(2) For that sufficient facts are not averred in said bill to give the same equity.

(3) For that the averment in said bill of complaint that the said John F. Broughton suffered the mortgage therein mentioned to be foreclosed for the purpose of defeating his wife and children of support and maintenance, and to cut off his said wife's right of dower and exemptions therein, is a conclusion.

(4) For that no facts are averred in said bill of complaint sufficient to show that John F. Broughton has any interest, legal or equitable, in the lands described in said bill of complaint, after the foreclosure of said mortgage and after W. H. Broughton had purchased the lands from A. B. Duke.

(5) For that the averment in said bill of complaint that the said John F. Broughton, after the foreclosure of said mortgage, and after W. H. Broughton had purchased said lands, owned an equitable interest therein, is a conclusion of the pleader.

(6) For that it was unnecessary after said mortgage had been foreclosed and the lands embraced therein purchased by A. B. Duke and by him sold to W. H. Broughton, for the wife of said John F. Broughton to join in the conveyance of said lands.

(7) For that no necessity is shown by the said bill of complaint for the wife of John F. Broughton to join in the conveyance of the said lands to the said W. H. Broughton.

(8) For that there is a misjoinder of parties complainant in said cause.

Willett, Willett & Walker, of Anniston, for appellant. W. W. Whiteside, of Anniston, for appellees.

McCLELLAN, J. John F. Broughton died February 10, 1917. There survived him the widow, Fannie E. Broughton, and the three adult children, the only heirs at law, Alston, Mamie, and Susie Nance Broughton. The widow and his children are the complainants in this bill. An outline of its averments will serve the purposes of the review of the action of the court in overruling the demurrer. For a number of years Broughton and his wife did not live together. At the time of the separation Broughton was seised and possessed of a tract of land in Calhoun county, containing about 160 acres. This land was incumbered with a mortgage in the execution of which the wife had fully joined. This mortgage was foreclosed. Subsequently, it is averred, Broughton repurchased and paid for this land, taking the title in the name of A. B. Duke, who actually paid nothing for the title, and who had no interest therein except as the repository of the legal title. Alternatively, it is averred that whatever purchase money Duke paid was repaid to him by Broughton, who continued all the while in the occupancy of the land. On the 8th day of March, 1909, Duke and wife executed a deed to this land to W. H. Broughton, a brother of John F. Broughton, reciting therein a consideration of $800, which, the bill avers, was simulated; never, in fact, paid; was made for the purpose of keeping these lands beyond the reach of complainants, the widow and heirs at law of John F. Broughton. Broughton continued thereafter to occupy this land, improving it, cultivating as well as renting different parts of it, mortgaging crops grown on it, and accounting to no one, but assessing it in the name of his brother, W. H. Broughton, who, it is alleged, did not assess this land along with other lands owned by him, W. H. Broughton. It is averred that all the while, subsequent to the foreclosure of the mortgage, John F. Broughton owned an equitable interest in this land, so continuously occupied by him as a homestead; and that the conveyance by Duke and wife to W. H. Broughton was void because John F. Broughton's wife, one of the complainants, did not join in the execution thereof, as Code, § 4161, requires for the efficient conveyance of the homestead of a married man. It is further averred that W. H. Broughton took possession and control of this land upon the death of his brother, John F., and claims the land in virtue of the deed to him from A. B. Duke. It is further averred:

"That said John F. Broughton's interest in said lands was all the real estate owned by the said John F. Broughton at the time of his death. That said land does not exceed 160 acres, and is worth not exceeding $2,000. Complainants are informed and believe, and on such information and belief aver, that the estate of said John F. Broughton is insolvent, and that all the right, title, interest and claim and demand of the said John F. Broughton in and to said lands vested absolutely in his widow, Fannie E. Broughton, upon his death; but if complainants are mistaken in the allegations that said lands are all

the real estate owned by said John F. Broughton at the time of his death, and that the estate of the said John F. Broughton is insolvent, then they aver in the alternative that complainant Fannie E. Broughton has a life estate in said lands as a homestead exemption, and that the reversionary interest therein is vested in the other complainants in this suit."

The substance of the prayer is that a homestead exemption be allowed and allotted the complaining widow, and that, since the homestead was of a value not exceeding $2,000, and did not exceed 160 acres in area—the children being over 21 years of age at the time of the death of their father—and the estate of the intestate insolvent, the absolute title thereto be vested in the widow, one of the complainants, if the limited value and area be found as averred, or, if not so found, that the heirs at law be confirmed in their right to the reversion after the life estate in the homestead shall have been assured the widow; that the Duke deed to W. H. Broughton be declared null and void and canceled as a cloud on title; and that W. H. Broughton's title thereto be divested. There is, also, a general prayer for relief.

[1] The demurrer was addressed to the bill as a whole. Moore v. Altom, 192 Ala. 261, 68 South. 326. The report of the appeal will reproduce the grounds of the demurrer. The consideration of the appeal, which is from a decree overruling the demurrer is somewhat embarrassed by the fact that the sole insistence for error in the ruling is based upon the single ground—the eighth—taking the objection that there is a misjoinder of parties complainant in the cause. In the brief for appellee this condition of limited insistence for error is noted. Since an appellant may waive on appeal questions (other than those involving jurisdiction) that might lead to the adjudication of error in, and therefore reversal of, the judgment or decree to review which the appeal is taken, and thereby invest the appellee with rights that without such waiver the appellee would not have, the actual review of this decree, for the purpose of determining its freedom from the imputation of error in consequence of the court's ruling on the demurrer only, will be confined to the stated single inquiry, though some further considerations that may be of importance in the progress of the cause will be mooted.

[2] With reference to the objection that a misjoinder is wrought by constituting both the widow and heirs at law complainants in the bill, an all-sufficient answer is that under the averments of the fifth paragraph of the bill, quoted above, the effect of Code, §§ 4196, 4198, is to entirely justify the joinder thus made. According to the provisions of Code, § 3212, the survival of and relief under a bill in equity is not dependent upon the establishment of a right to relief in all of these complainants. That the complainant, the widow, might have made the children respondents in the bill, rather than that they should have been co-complainants with her, is without influence in the premises. Without affirming the sufficiency of the bill otherwise, it is clear that its purpose is to appropriate to the advantage of those entitled thereto property that, according to the theory of the bill, was exempt to the widow absolutely, provided the estate of John F. Broughton was insolvent.

On the single objection urged as a basis for error, and without affirming the correctness of the decree when that is referred to other grounds of demurrer, the decree must be affirmed.

[3] Looking to the further progress of the cause, it may be suggested that the provisions of Code, § 4161, are applicable alone to mortgages, deeds, or other conveyances of the homestead purporting to be made and executed by the husband, and not to conveyances made by another than the husband. The limitation in that statute is upon the husband's right and power to convey or incumber within the contemplation of the statute. The validity of the deed from Duke and wife to W. H. Broughton is not determinable upon any theory that that deed was not joined in by the wife of John F. Broughton. The decision of this court in Nolen v. East, 181 Ala. 226, 61 South. 261, was not intended to affirm a different effect of the provisions of Code, § 4161.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.