(85 South. 513)

## PATTEN et al. v. SWOPE.
### (8 Div. 202, 202A.)

(Supreme Court of Alabama. April 8, 1920.)

**1. Pleading ⬅⟶203—Meaning of "demurrer."**

A "demurrer" is an entity in pleading, and its grounds are but reasons why the major premise of the demurrer should be made effective by the ruling of the court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Demurrer.]

**2. Equity ⬅⟶246—Court in sustaining ground of demurrer to bill as a whole sustains the demurrer as a whole.**

Where a demurrer was addressed to the bill as a whole, the court, in sustaining a ground of the demurrer, sustained the demurrer, though it announced that it overruled the other grounds, and though the ground so sustained was directed against only a particular phase of the case made by the bill.

**3. Equity ⬅⟶232—Demurrer to bill as a whole not effective as to particular phase of case.**

Where demurrer is addressed to bill as a whole, court may deny effect to ground directed against only particular phase of the case made by the bill.

**4. Appeal and error ⬅⟶747(1)—Cross-assignments considered, though no cross-appeal was taken.**

Cross-assignments of error, treated as effective in express terms in appellant's brief, will be considered, though no cross-appeal was taken, such treatment of cross-assignments of error disclosing a character of consent in quasi observance of Supreme Court rule No. 3 (Code 1907, p. 1507).

**5. Tenancy in common ⬅⟶37—No accounting for rents unless account be complicated.**

Equity will not take jurisdiction in action by tenants in common for discovery, accounting, and a decree for rents collected by cotenant, where the bill for accounting discloses no complication in the account.

**6. Tenancy in common ⬅⟶38(6) — Cotenants may join in assumpsit action to recover shares of rents from cotenant.**

Cotenants, from whom their fellow tenant withholds their respective shares of rents collected from a stranger, may join in an action of assumpsit to recover their respective net shares in the net sum so withheld.

**7. Partition ⬅⟶109(5)—Purchaser at sale entitled to rents accruing between date of sale and confirmation.**

On sale in partition proceedings, the rents maturing subsequent to the sale, although prior to its confirmation, pass to the purchaser, unless reserved or severed; the purchaser being regarded, for certain purposes, as owner from the date of his purchase, and confirmation relating back to that date.

**8. Judicial sales ⬅⟶7—Deviations from directions as to sale not binding, unless validated by confirming decree.**

An officer conducting a judicial sale cannot make a valid agreement with a purchaser to convey any other estate than such as the decree or judgment will warrant, in the absence of a report of the sale reciting a deviation from the directions of the decree and confirmation of such report by the court.

**9. Judgment ⬅⟶744—Decree of sale in partition and of confirmation making no reference to reservation of rents conclusive.**

Where decree of partition sale and decree of confirmation made no reference to reservation of rents for current year, purchaser, who collected rents for such year, will not be declared a trustee for the cotenants on ground that rents were reserved by agreement prior to sale and announcement by auctioneer, the decrees making no reference to such reservation being conclusive.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Bill by Annie Swope Patten and others against E. C. Swope for discovery and an accounting and for money decree. From a decree sustaining demurrers to the bill in certain aspects complainants appeal, and respondent E. C. Swope seeks a cross-appeal. Reversed and remanded.

The fourth paragraph of the bill is as follows:

The decree of sale of said property made no reference to the rents or income from the land for the current year 1918. At the time of the sale under the decree of this court in said cause there were present two of the joint owners of the said real estate, namely, E. C. Swope and J. K. Swope. At the instance of J. K. Swope and the attorney representing the complainants in said cause it was announced publicly at the sale by the auctioneer and attorneys for the complainants in said cause that the rent for the current year 1918 was reserved from the sale, and would not pass to the purchaser of the land. Said announcement was acquiesced in by the respondent, E. C. Swope. The land was then offered for sale, with the distinct understanding among the parties present and bidding at the sale that the rent for 1918 was reserved, and would not pass to the purchaser of the land.

The other facts sufficiently appear from the opinion of the court.

Kirk & Rather, of Tuscumbia, for appellants.

Personal property is subject to compulsory partition in chancery. Section 5231, Code 1907; 146 Ala. 634, 41 South. 962; 30 Cyc. 175; 107 Ala. 168, 18 South. 247; 138 Ala. 549, 36 South. 459. This disposes of demurrers Nos. 1, 2, and 20. The contention that the facts do not show that complainants have a joint interest in rents arising

from the land is not sound. 4 Pom. Eq. § 1837; 1 Cyc. 404; 30 Cyc. 232; 128 Ala. 175, 30 South. 792. Demurrers 6, 8, 10, and 23 assert that the purchaser of the land is entitled to the whole rent, because the register made the sale prior to its maturity; this is not sound. 139 Ala. 505, 35 South. 1014; 165 Ala. 347, 51 South. 728; 149 Ala. 196, 42 South. 867; 78 Ala. 158. The bill was sufficient as one for discovery. 165 Ala. 194, 51 South. 750. While the rents might be discovered, and recovered at law, this does not divest chancery of its jurisdiction. 150 Ala. 605, 43 South. 805, 9 L. R. A. (N. S.) 1255; 190 Ala. 494, 67 South. 384; 93 Ala. 542, 9 South. 256; 1 Cyc. 421.

G. O. Chenault, of Albany, for appellee.

The court erred in retaining the bill after sustaining the demurrer and requiring the respondent to answer. 130 Ala. 268, 30 South. 364; 111 Ala. 209, 20 South. 341; 121 Ala. 579, 25 South. 720; 123 Ala. 479, 26 South. 514. Money is a commodity that can be divided without resort to court. 84 Ala. 352, 4 South. 182. The purchaser was entitled to the rents falling due after the sale. 85 Ala. 137, 4 South. 752; 58 Ala. 277; 75 Ala. 238; 90 Ala. 449, 7 South. 913; 137 Ala. 18, 34 South. 846.

McCLELLAN, J. This bill was filed by Annie Swope-Patten and others against E. C. Swope and others, seeking discovery, an accounting, and, in a contingency, a money decree against E. C. Swope with respect to the rent for 1918 of a plantation in Lawrence county that, up to October 21, 1918, was jointly owned by all the parties to this cause. It appears from the averments of the present bill that in response to a previous bill a decree was rendered September 28, 1918, directing a sale of this land for division among the joint owners in proportion to their respective interests therein. This decree of sale for division made no provision for the rental for the year 1918. The sale was held by the register on October 21, 1918, at which sale, the appellant's brief recites, E. C. Swope, one of the joint owners, became the purchaser. The sale was reported to the court by the register; no exception to it was filed; and the sale was confirmed. As in the decree of sale and in the proceedings leading up to the rendition of that decree, no reference was made in the decree of confirmation to the rent of the plantation for the year 1918. It is alleged in the bill that E. C. Swope, a cotenant, collected from third persons a part of the 1918 rent before he purchased at the sale on October 21, 1918, the amount so collected being alleged to be unknown to complainants; and the claim is asserted that he was and is a trustee for his cotenants with respect to the sum so collected, and was due, as trustee, to account to them therefor.

The respondent E. C. Swope filed a demurrer addressed to the bill as a whole. It contained 23 grounds, including the ground (the first) that questioned, generally, the equity of the bill. The twenty-third ground reads:

"The bill is without equity in so far as it seeks to recover for any rent that was unpaid on October 21, 1918, when the land was sold."

The decree appealed from, as presently important, is as follows:

" * * * The court is of the opinion that the twenty-third ground of demurrer is well taken, and that all other grounds are not well taken.

"It is therefore ordered, adjudged, and decreed by the court that the twenty-third ground of demurrer of the defendant E. C. Swope to the bill of complaint be, and the same is hereby, sustained and allowed, and that all other grounds of said demurrer be, and the same are hereby, overruled and disallowed.

"It is further ordered that the respondent E. C. Swope be, and he is hereby, allowed 30 days from this date to answer the bill of complaint."

[1-3] A demurrer is an entity in pleading; and its grounds are but reasons why the major premise of the demurrer should be made effective by the ruling of the court. Cahaba Coal Co. v. Elliott, 183 Ala. 307, 308, 62 South. 808. In sustaining the twenty-third ground of this demurrer, which is addressed to the bill as a whole, though the twenty-third ground is only directed against a phase of the case made by the bill, the court vindicated and gave effect to the demurrer to the bill; not to a phase of it, and hence the complainants were prejudiced by the ruling and are entitled to their appeal, notwithstanding the court announced that it overruled the other 22 grounds of the demurrer to the bill. In this state of the record and of the ruling in question, the demurrant E. C. Swope had nothing on which to rest a cross-appeal, if such had been taken, whatever the basis for cross-assignment of errors (Sup. Ct. rule 3, Code, p. 1507), his demurrer to the bill having been, as stated, sustained by the court. The court might have denied effect to the twenty-third ground because its objection was partial only, following an address of the demurrer that assailed the bill as a whole, provided, of course, the bill presents equity otherwise and was also free from the criticisms made in grounds 2 to 22, inclusive. See, for possible analogy, Moore v. Altom, 192 Ala. 261, 68 South. 326; Broughton v. Broughton, 201 Ala. 311, 78 South. 87, 89.

[4] As indicated, there is no effort to perfect a cross-appeal shown by the record. There are, however, cross-assignments of error by appellee, which are treated as effective in express terms in the brief for appellant, disclosing a character of consent by appellant to the cross-assignment of errors in

quasi observance of Supreme Court rule 3, supra. In the circumstances, we treat the appeal in its fundamental aspects, viz.: whether the bill possesses equity for any purpose.

[5] In the aspect that this bill seeks discovery, accounting, and a decree for money rent collected by E. C. Swope prior to the sale of the land on October 21, 1918, its equity must be denied under the authority of McCaw v. Barker, 115 Ala. 543, 22 South. 131, the doctrine of which was followed in Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 South. 50. While affirming the indubitable right of a tenant in common to have and recover of a cotenant the proportion of money rent collected from a third person by the cotenant which he withholds, it was there held, as upon apt authority, that in such circumstances the remedy at law is adequate and complete, and in that forum must the aggrieved tenant seek the enforcement of his right, unless the account between the parties is complicated, or some other ground of recognized equitable cognizance is shown to invoke the powers of a court of equity. It was then insisted, as it is now, that the right to invoke the powers of a court of equity for an accounting between tenants in common where one cotenant had collected from a third person money rent for the common property was predicable alone of the relation; but this court held to the contrary under the authority of Sanders v. Robertson, 57 Ala. 465, where it was declared (page 472) that the complicated character of the accounts afforded the reason for invoking the "original jurisdiction of such claims," and, also, in accordance with the therein quoted expression (115 Ala. pp. 549, 550, 22 South. 131, 133) from Gloninger v. Hazard, 42 Pa. 389, 401. It is not inappropriate to observe that the stated ruling in McCaw v. Barker, supra, was made notwithstanding other expressions in Sanders v. Robertson that might have inclined the judgment to a different conclusion. The question having been determined in McCaw v. Barker, it will not be now reconsidered with a view to pronouncing to a different effect.

[6] In the present bill no complication in the account is shown. The account asserted in the bill is all on one side. McCaw v. Barker, supra. It appears that the plantation was rented for all the joint owners by E. C. Swope for the year 1918. The relative shares of each of the parties in the land must have been known to them or their guardian, and such knowledge is not denied in the bill. It is not averred that the amount of the rental for 1918 to third parties was not known to all of the cotenants or to the guardian. It cannot be assumed, on hearing on demurrer, that complainants were unadvised in respect of these matters. So there is no averred ground on which to rest a conclusion that the account is complicated. If the complainants knew the total amount of the rent and their respective shares in the common property so rented, no discovery was or is necessary to enable complainants to enforce the payment to them of their respective, proportionate net shares in the part of the rent E. C. Swope collected before October 21, 1918. In such circumstances, a calculation would serve all the purposes necessary to enable them to implead E. C. Swope in a court of law. Cotenants from whom their fellow tenant withholds their respective shares of rents collected from a stranger may, if they so desire, join in an action of assumpsit to recover their respective net shares in the net sum so withheld. Tankersley v. Childers, 23 Ala. 781, 783; Smith v. Wiley, 22 Ala. 396, 58 Am. Dec. 262. See, also, Peck v. Lampkin, 200 Ala. 132, 75 South. 580. Whether or not a demand is essential to the maintenance of assumpsit in such circumstances is a question not now presented for authoritative decision. Without intimating an opinion in the premises, we may refer to Freeman on Cotenancy (2d Ed.) § 270, where Barnum v. Landon, 25 Conn. 150, 151, is cited as supporting the text. See, also, Freeman's work, supra, § 270 et seq.

[7-9] The other phase of the bill—to follow the division of the question of its equity manifested in the briefs of the respective solicitors—present very different considerations. That aspect of the bill proceeds upon the theory that complainants are entitled to recover the part of the money rent for 1918 that was payable and that was collected by E. C. Swope (the purchaser) after the sale was had on October 21, 1918. In Thomas v. Caldwell, 136 Ala. 518, 522, 34 South. 949, upon the authority of Haralson v. George, 56 Ala. 297, it was decided that a purchaser at such a sale is regarded, for certain purposes, as the owner from the date of his purchase; that confirmation relates back to that date; and that such a purchaser must bear any losses that intervene between the date of purchase and judicial confirmation of the sale, and is likewise entitled to intervening benefits or advantages resulting from appreciation in value and to any accretions to the thing. The sale held on October 21, 1918, terminated the relation of cotenancy that obtained up to that date. This was a judicial sale, in the conduct of which the register (master) was but the agent of the court to execute the judicially expressed will; the court being the vendor. Kellam v. Richards, 56 Ala. 238; McCully v. Chapman, 58 Ala. 325, 328, 329; Morring v. Tipton, 126 Ala. 350, 28 South. 562; Ryan v. Dox, 25 Barb. (N. Y.) 440, 447; 24 Cyc. pp. 14, 21, 22, 26, 27. In Ryan v. Dox, supra, it was held that an

officer of court conducting a judicial sale cannot "make a valid agreement with a purchaser to convey any other estate than such as the decree or judgment will warrant." It was decided in Nebraska Loan Co. v. Hamer, 40 Neb. 281, 291, 58 N. W. 695, that a judicial sale must be made in accordance with the decree of the court, and the terms of the decree cannot be changed by agreement of parties or counsel not incorporated in the decree; that to effectuate an agreement of the parties different from the terms of the decree the decree should have been modified to conform to it. The principle underlying the doctrine thus announced by the New York and Nebraska courts is predicated of the theory that to allow material deviations from the mandate of decrees of sale would necessarily imply the existence of an authority or power in a mere agent of the court or in parties or counsel to change the terms of a concluding judicial pronouncement. Where, however, the report of a judicial sale recites a deviation from the directions of the decree, and the report is confirmed by the court, it has been decided that the purchaser is concluded thereby. Bruner v. Ramsburg, 43 Md. 560. The fourth paragraph of the bill (which is reproduced in the statement ante) avers that there was a distinct understanding, publicly announced by the auctioneer, among the parties present and bidding at the sale, one of whom was E. C. Swope, that the rent for 1918 was reserved and would not pass to the purchaser. Unless reserved or severed, the uncollected rent, subsequently maturing, passed with the reversion to the purchaser. The facts averred, lying in parol, cannot be made the basis for an estoppel against the purchaser E. C. Swope, without violating the rule that forbids the modification or amendment of unimpeached decrees or judgments after they have been fully executed in accordance with their terms —a process that, if allowed in this instance, would reflect upon the conclusiveness and finality of both the decree of sale and the decree of confirmation that made no reference to a reservation of the rent for 1918. If the parties had been properly cautious in the premises, the proper court, in that cause, could have given effect to what is averred in paragraph 4 of the bill to have been the distinct understanding that the rent was reserved. Our conclusion is that the bill is without equity in either aspect; that to recover their proper proportion of the rent collected before the sale the complainants have an adequate remedy at law. The court erred in overruling the ground of demurrer, taking the objection that the bill is without equity; and hence the cross-assignment of errors by appellee must be, to that extent, sustained. The decree is, for that reason, reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes